**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Counsel for Lead Plaintiffs and*
*Lead Counsel for Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LIKAS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CHINACACHE INTERNATIONAL HOLDINGS LTD., SONG WANG, GUANGSHENG MENG, FENGYE GAO, and JING AN, <br><br> Defendants. | No.: 2:19-cv-06942-FMO-SS <br><br> **RESPONSE OF LEAD PLAINTIFFS JINGWEN ZHANG AND BINGYANG CHENG TO ORDER TO SHOW CAUSE (DKT. NO. 28)** |

Lead Plaintiffs Jingwen Zhang and Bingyang Cheng (collectively, "Lead Plaintiffs") hereby respectfully respond to the Court's Order to Show Cause Re: Dismissal Re: Lack of Prosecution, entered November 13, 2019 (Dkt. No. 28) (the "Order to Show Cause").

RESPONSE TO ORDER TO SHOW CAUSE

1

The Court's Order to Show Cause specifically states that "[a]bsent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is file," citing Fed. R. Civ. P. 4(m), and that "[g]enerally, a defendant must answer the complaint within 21 days after service (60 days if the defendant is the United States)," citing to Fed. R. Civ. P. 12(a).

Fed. R. Civ. P. 4(m) by its terms "does not apply to service in a foreign country under Rule 4(f) [or] 4(h)(2)"—*i.e.*, Serving an Individual in a Foreign Country and Serving a Corporation at a place not within Any Judicial District of the United.  Rule 4(f)(1) provides in relevant part that "[u]nless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States . . . by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [the 'Hague Convention']" and Rule 4(h)(2) provides, in relevant part, that "a domestic or foreign corporation, must be served . . . at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual. . . . "

Additionally, Fed. R. Civ. P. 4(h)(1) provides, in relevant part, that a foreign corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

RESPONSE TO ORDER TO SHOW CAUSE

Here, ChinaCache International Holdings Ltd. ("ChinaCache" or the "Company"), is, per its filings with the U.S. Securities and Exchange Commission ("SEC"), a corporation headquartered in the People's Republic of China ("PRC") and incorporated in the Cayman Islands. The remaining four Defendants—Song Wang, Guangsheng Meng, Fengye Gao, and Jing An (collectively, the "Individual Defendants")—are, to the best of Lead Plaintiffs' knowledge, residents of the PRC. In October 2019, shortly after entry of the Court's Order Appointing Lead Plaintiff and Approving Selection of Lead Counsel (the "Lead Plaintiff Order") (Dkt. No. 25), Lead Plaintiffs completed the initial steps necessary to effect service on ChinaCache and Individual Defendants within the PRC via the Hague Convention. Based upon counsel's prior experience, service of process in the PRC via the Hague Convention may take one to two years to complete.

Additionally, ChinaCache's SEC filings also listed Law Debenture Corporate Services Inc. ("Law Debenture") as the Company's registered agent for service of process in the U.S. In October 2019, shortly after entry of the Lead Plaintiff Order, Lead Plaintiffs attempted to effect service upon the Company via Law Debenture in person and by certified mail. However, Lead Plaintiffs received a response from Law Debenture to the effect that Law Debenture is no longer authorized to accept service on behalf of ChinaCache.

Lead Plaintiffs respectfully submit that the foregoing efforts to effect service of process upon the Defendants demonstrate their diligence in prosecuting this action and

constitute good cause not to dismiss the action. Because service of process upon the Company and Individual Defendants is already underway pursuant to the Hague Convention, Lead Plaintiffs also submit that entry of default pursuant to Fed. R. Civ. P. 55(a) is premature.

Moreover, in the interest of facilitating the efficient and expeditious prosecution of this action, Lead Plaintiffs respectfully request that the Court permit service upon ChinaCache and/or the Individual Defendants via alternative means. ChinaCache's SEC filings name CitiBank, N.A. ("CitiBank"), located at 388 Greenwich Street, New York, New York 10013, as the depositary for the Company's American Depositary Shares—*i.e.*, the securities that are the subject of this litigation. In addition, an August 28, 2019 press release by ChinaCache indicates that the Company has retained the law firm of Simpson Thacher & Bartlett LLP ("STB") in connection with an internal investigation into the arrest of Defendant Song Wang, the Company's former Chief Executive Officer. The reasons for and circumstances of the criminal investigation into Mr. Wang are central to the fraud allegations against ChinaCache (*see* Complaint, Dkt. No. 1 at ¶¶ 4, 6-7, 10, 43, 45-46, 49), and STB maintains an office at 425 Lexington Avenue, New York, New York 10017. Furthermore, in the 2018 annual report that ChinaCache filed with the State Administration of Market Regulation of the PRC on June 25, 2019, ChinaCache provided an email address, ring.ying@chinacache.com, as part of its official enterprise contact information to the government of the PRC. Accordingly, Lead Plaintiffs respectfully

submit that entry of an Order permitting service of process upon ChinaCache and/or the Individual Defendants via either CitiBank, STB or the above Company-designated email address would be appropriate under the circumstances.

Respectfully submitted,

Dated:  November 20, 2019

**POMERANTZ LLP**

*/s/ Jennifer Pafiti* .
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone:  (310) 405-7190
Email: jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
Brenda Szydlo
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665
Email: jalieberman@pomlaw.com
Email: bszydlo@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184
Email: pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiffs and Lead
Counsel for the Class*

RESPONSE TO ORDER TO SHOW CAUSE

5

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Additional Counsel for Lead Plaintiffs*

RESPONSE TO ORDER TO SHOW CAUSE

6

CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/     Jennifer Pafiti*
Jennifer Pafiti