**POMERANTZ LLP**
Jeremy A. Lieberman (admitted *pro hac vice*)
Brenda Szydlo (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665
Email: jalieberman@pomlaw.com
Email: bszydlo@pomlaw.com

*Lead Counsel for Plaintiffs and*
*the Proposed Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LIKAS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINACACHE INTERNATIONAL HOLDINGS LTD., SONG WANG, GUANGSHENG MENG, FENGYE GAO, and JING AN,<br><br>Defendants. | No.: 2:19-cv-06942-FMO-SS<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR ALTERNATIVE SERVICE ON TWO DEFENDANTS**<br><br>Date:    January 16, 2020<br>Time:   10:00 a.m.<br><br>Hon. Fernando M. Olguin<br>Courtroom: 6D |

# **TABLE OF CONTENTS**

PRELIMARY STATEMENT ................................................................................ 1

ARGUMENT ...................................................................................................... 3

    I.     Service of Process Pursuant to the Hague Convention ............................. 3

    II.    Plaintiffs Served the Company by Serving its Agent in a Judicial District of the United States .......................................................................... 6

    III.   Legal Standard Governing Motions for Alternative Service Under Rule 4 ........................................................................................................ 8

    IV.   Plaintiffs' Proposed Means of Service Are Not Prohibited by International Agreement, Even Taking into Account China's Objections to Certain Articles of the Hague Convention ......................... 10

         A.    Service on Simpson Thacher & Bartlett LLP, the Company's U.S.-Based Counsel, Is Appropriate ............................................... 11

         B.    Service by Email Is Appropriate ....................................................... 12

         C.    Service of Process Via Citibank, the Depositary for the Company's American Depositary Shares, Is Also Appropriate ..... 13

    V.    The Proposed Methods of Alternative Service Comport with Due Process ..................................................................................................... 14

CONCLUSION ................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Brown v. China Integrated Energy, Inc.*,
    285 F.R.D. 560 (C.D. Cal. 2012)................................................................4, 8

*Carrico v. Samsung Elecs. Co.*, No. 15-cv-02087-DMR,
    2016 U.S. Dist. LEXIS 62454 (N.D. Cal. May 10, 2016)............................11

*Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-cv-00297-BAS-BGS,
    2019 U.S. Dist. LEXIS 8723 (S.D. Cal. Jan. 17, 2019) ..............................13

*Ingrid & Isabel, LLC v. Bentibo*, No. 18-cv-01856-JCS,
    2019 U.S. Dist. LEXIS 101905 (N.D. Cal. May 10, 2019)...........................4

*Juicero, Inc. v. iTaste Co.*, No. 17-cv-01921-BLF,
    2017 U.S. Dist. LEXIS 86033 (N.D. Cal. June 5, 2017)..............................4, 9, 11, 14

*Microsoft Corp. v. Gameest Int'l Network Sales Co.*, No. 17-CV-02883-LHK,
    2017 U.S. Dist. LEXIS 167444 (N.D. Cal. Oct. 10, 2017) ..........................12

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
    339 U.S. 306 (1950)................................................................................10, 14

*Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, No. 16-cv-00669-YGR,
    2017 U.S. Dist. LEXIS 55430 (N.D. Cal. Apr. 11, 2017).............................4

*Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-02460-LHK,
    2011 U.S. Dist. LEXIS 71269 (N.D. Cal. July 1, 2011) ...............................11

*Rio Props., Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002) .............................................................8, 9, 10, 14

*Shinde v. Nithyananda Found.*, No. EDCV 13-00363-JGB,
    2014 U.S. Dist. LEXIS 197030 (C.D. Cal. Aug. 25, 2014) .........................13

*WeWork Cos. v. WePlus (Shanghai) Tech. Co.*, No. 5:18-cv-04543-EJD,
    2019 U.S. Dist. LEXIS 5047 (N.D. Cal. Jan. 10, 2019)...............................12

## **Rules**

Federal Rules of Civil Procedure Rule 4 ...............................................................*passim*

## **Other Authorities**

Hague Convention on the Service Abroad of Judicial and Extrajudicial
Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T.
361, 658 U.N.T.S. 163 ................................................................................3, 4, 10

Lead Plaintiffs Jingwen Zhang and Bingyang Cheng (collectively, "Plaintiffs") hereby respectfully submit this memorandum in support of their motion for alternative service of process on defendants ChinaCache International Holdings Ltd. ("ChinaCache" or the "Company") and Fengye Gao pursuant to Rule 4 of the Federal Rules of Civil Procedure (the "Motion").

## PRELIMINARY STATEMENT

Headquartered in the People's Republic of China, ChinaCache listed its American depositary shares on the NASDAQ under the ticker symbol "CCIH" in order to gain access to the U.S. capital markets. *See* Dkt. No. 1 (Complaint) ¶ 2. In doing so, ChinaCache and its officers and directors voluntarily subjected themselves to the provisions of the U.S. securities laws.

As explained herein, Plaintiffs have diligently attempted to effect service of process on the Company and four individual defendants pursuant to the Hague Convention since shortly after the Court's Order Appointing Lead Plaintiff and Approving Selection of Lead Counsel in this securities fraud action. Dkt. No. 25. The individual defendants are Song Wang ("Wang"), the Company's founder, Chairman and Chief Executive Officer;[1] Guangsheng Meng ("Meng"), the Company's Chief Financial Officer ("CFO") since April 2018;[2] Fengye Gao ("Gao"), ChinaCache's Financial Controller who assumed the

---

[1] Dkt. No. 1 ¶ 19.

[2] *Id.* ¶ 20.

responsibilities of the Company's principal financial and accounting officer in September 2017;[3] and Jing An ("An"), who served as CFO from August 2014 until July 2016[4] (the "Individual Defendants"; collectively, "Defendants").   To the best of Plaintiffs' knowledge, the Individual Defendants are residents of China, but have resigned from the Company with the exception of Defendant Gao.  After more than two months since Plaintiffs attempted to effectuate service via the Hague Convention, none of the Defendants named herein have yet to be successfully served by China's Ministry of Justice, and there is no indication as to when they will be served, if at all.  *See* Point I.

Additionally, Plaintiffs tried to effect service on the Company pursuant to Fed. R. Civ. P. 4(h)(1)(B) by serving Law Debenture Corporate Services Inc. ("Law Debenture"), the Company's agent in the United States.  However, Law Debenture informed Plaintiffs that it was no longer the Company's registered agent and did not accept service on the Company's behalf.  *See* Point II.

In these circumstances, Fed. R. Civ. P. 4(f)(3) and (h)(2) allow for service of process by alternative means so long as the method proposed is not expressly prohibited under an international agreement and otherwise gives a defendant sufficient notice of the lawsuit and time to object.  Because Plaintiffs do not have enough information regarding Defendants Wang, Meng, and An, who are no longer employed by the Company, Plaintiffs

---

[3] *Id.* ¶ 21.
[4] *Id.* ¶ 22.

move for alternative service only as to Defendants ChinaCache and Gao, who is believed to be employed by ChinaCache. The methods Plaintiffs propose to effect alternative service on these two Defendants include service (i) on the Company's counsel, (ii) by email, and (iii) via Citibank, N.A., the Company's contractual depositary for its American Depositary Shares, which are the subject of this litigation. Courts overwhelmingly agree that these methods are reasonably calculated to apprise defendants of the pendency of an action and afford them an opportunity to present their objections. *See* Points III, V.

Moreover, China's objections to Article 8 of the Hague Convention, which allows service to be effectuated through "diplomatic or consular agents," and Article 10, which allows service to be effectuated by "postal channels" or through foreign "judicial officers," do not prevent the alternative service methods proposed by Plaintiffs. Plaintiffs therefore respectfully request that this Motion be granted so that this matter may proceed. *See* Point IV.

## ARGUMENT

### I.    Service of Process Pursuant to the Hague Convention

Rule 4 of the Federal Rules of Civil Procedure states that service of process as to a foreign corporation or individual may be made pursuant to an internationally agreed means

of service, such as the Hague Convention.[5] China is a signatory to the Hague Convention.[6] Under the terms of the Hague Convention, "service in a foreign country must usually be performed by a receiving country's 'Central Authority,' which is provided with the documents and effects service in the member country." *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 563-64 (C.D. Cal. 2012).[7]

Unfortunately, service by this method can take years to complete. *See*, *e.g.*, *Ingrid & Isabel, LLC v. Bentibo*, No. 18-cv-01856-JCS, 2019 U.S. Dist. LEXIS 101905, at *9-10 (N.D. Cal. May 10, 2019) (stating that "all three process servers with whom [plaintiff's] counsel spoke told her that there was a backlog for service on Chinese entities through the Hague Convention of over two years"); *Juicero, Inc. v. iTaste Co.*, No. 17-cv-01921-BLF, 2017 U.S. Dist. LEXIS 86033, at *4 (N.D. Cal. June 5, 2017) (plaintiff represented "that the process could take over a year"); *Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, No. 16-cv-00669-YGR, 2017 U.S. Dist. LEXIS 55430, at *5 (N.D. Cal. Apr. 11, 2017) ("service through these means has more recently been taking up to eighteen months to complete, and in some cases years. To date, plaintiff has spent eleven months

---

[5] The "Hague Convention" refers to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.

[6] https://www.hcch.net/en/instruments/conventions/status-table/?cid=17

[7] In China, the Ministry of Justice serves as the Central Authority. https://www.hcch.net/en/states/authorities/details3/?aid=490

attempting to effectuate service on Foreign Defendants [in China] through the Hague Convention.").

On October 15, 2019, shortly after entry of the Court's Order Appointing Lead Plaintiff and Approving Selection of Lead Counsel (Dkt. No. 25), Plaintiffs completed the initial steps necessary to effect service upon ChinaCache and the Individual Defendants within China via the Hague Convention. *See* Chen Decl. ¶ 7, Exs. 2-3.[8] On December 9, 2019, Plaintiffs contacted the International Legal Cooperation Center of the Ministry of Justice of China (the "Center") to inquire about the status of the Hague service requests on all Defendants in China. *Id.* ¶ 12. An official at the Center confirmed that the service requests had been received and were forwarded to the Supreme People's Court of China. The official stated that the Supreme People's Court would forward the requests to the relevant local court. *Id.* When Plaintiffs inquired as to how long it would take to receive a response from the Chinese government regarding whether service was successful, the official stated that while service usually takes 6-10 months, the length of time is difficult to predict as the service would depend on each individual local court's practice. *Id.*

Because this method of service can take years to complete, Plaintiffs respectfully request that the Court either find that service has been effectuated on the Company by service on its agent as described below, and order Defendant Gao to be served by one or

---

[8] The "Chen Decl." refers to the December 16, 2019 Declaration of Jing Chen of The Rosen Law Firm, P.A., additional counsel to Lead Plaintiffs, filed herewith.

more proposed alternative methods discussed below; or alternatively, authorize service upon both the Company and Defendant Gao by one or more proposed alternative methods discussed below.

## II. Plaintiffs Served the Company by Serving its Agent in a Judicial District of the United States

Rule 4(h)(1)(B) states that a foreign corporation may be served in a judicial district of the United States "by delivering a copy of the summons and of the complaint to an . . . agent authorized by appointment . . . to receive service of process . . . ." Here, ChinaCache's filings with the Securities and Exchange Commission ("SEC") list Law Debenture as the Company's "Agent" for service of process in the U.S., as more fully described in a 2010 Deposit Agreement between the Company, Citibank, N.A. ("Citibank"), and the holders/beneficial owners of the Company's American Depositary Shares, the securities that are the subject of this litigation (the "Deposit Agreement"). Citibank acts as the depositary for the Company's American Depositary Shares.[9] Additionally, ChinaCache's latest Form 20-F filed with the SEC states that Law Debenture is the Company's agent for service of process in the United States.[10]

---

[9] *See* September 30, 2010 Deposit Agreement, Ex. 4.3 to the January 7, 2011 Form F-1 Registration Statement, § 7.6. https://www.sec.gov/Archives/edgar/data/1498576/000110465911015478/a11-8395_1ex4d3.htm.

[10] *See* December 2, 2019 Form 20-F/A, at 36. https://www.sec.gov/Archives/edgar/data/1498576/000110465919068939/tm1923599d3_20fa.htm.

On October 3, 2019, Plaintiffs attempted to effect service on the Company in person at Law Debenture's New York City office.  However, Plaintiffs were informed that Law Debenture is no longer the registered agent for the Company.  Chen Decl. ¶¶ 3-4, Ex. 1. Notwithstanding, Plaintiffs mailed the summons and complaint to Law Debenture via certified mail on October 10, 2019 (*id.* ¶ 8), with a copy mailed to the Company's current address by certified mail on December 10, 2019 (*id.* ¶ 13), in accordance with the following language in the Deposit Agreement (emphasis added):

> The Company further hereby irrevocably consents and agrees to the service of any and all legal process, summons . . . in any suit, action or proceeding against the Company, ***by service by mail of a copy thereof upon the Agent (whether or not* the appointment of such Agent shall for any reason prove to be ineffective or *such Agent shall fail to accept or acknowledge such service), with a copy mailed to the Company by . . . certified air mail. . . .*** The Company agrees that the failure of the Agent to give any notice of such service to it shall not impair or affect in any way the validity of such service or any judgment rendered in any action or proceeding based thereon.

***

> The Company irrevocably and unconditionally waives, to the fullest extent permitted by law, and agrees not to plead or claim, any right of immunity from legal action, suit or proceeding, from setoff or counterclaim, from the jurisdiction of any court, from service of process . . . or from any other legal process or proceeding for the giving of any relief or for the enforcement of any judgment, and consents to such relief and enforcement against it, its assets and its revenues in any jurisdiction, in each

> case with respect to any matter arising out of, or in connection with . . . any ADR[11] or the Deposited Securities.

Consequently, the Court should find that service of process has been effectuated as to the Company pursuant to Rule 4(h)(1)(B), and order alternative service as to Defendant Gao by one or more alternative methods discussed below. However, to the extent the Court disagrees, the Court should order alternative service as to both of these Defendants.

## III. Legal Standard Governing Motions for Alternative Service Under Rule 4

Rule 4(h)(2) of the Federal Rules of Civil Procedure "authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (footnote omitted). Rule 4(f)(3) provides that service of process on an individual outside the United States may be made "by other means not prohibited by international agreements, as the court orders." In other words, "service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Rio Props.,* 284 F.3d at 1014. *See also Brown*, 285 F.R.D. at 563. "In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the

---

[11] "ADRs" refer to American Depositary Receipts. Section 1.3 of the Deposit Agreement states that ADRs shall mean the certificate(s) issued by Citibank, the Depositary, "to evidence the American Depositary Shares issued under the terms of the Deposit Agreement." https://www.sec.gov/Archives/edgar/data/1498576/000110465911015478/a11-8395_1ex4d3.htm

foreign country." *Rio Props.*, 284 F.3d at 1014. "The district court exercises discretion in 'determining when the particularities and necessities of a given case require alternative service of process under Rule 4(f)(3).'" *China Sky*, 2013 U.S. Dist. LEXIS 202424, at *5 (quoting *Rio Props.*, 284 F.3d at 1016).

"Under Rule 4(f)(3), courts can order service through a variety of methods, 'including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and . . . email,' provided that there is no international agreement directly to the contrary." *Juicero*, 2017 U.S. Dist. LEXIS 86033, at *5 (quoting *Rio Props.*, 284 F.3d at 1016). Indeed, "[s]ervice through Defendants' Facebook account is also permissible." *Juicero*, 2017 U.S. Dist. LEXIS 86033, at *7. Moreover, "it is not necessary for plaintiffs to first attempt service [through the Hague Convention] before turning to any other means not prohibited by international agreement." *Juicero*, 2017 U.S. Dist. LEXIS 86033, at *5-6 (quotation marks omitted). "By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) [through the Hague Convention] . . . ." *Rio Props.*, 284 F.3d at 1015. Furthermore, "[m]ultiple forms of alternative service at once are also permissible." *Juicero*, 2017 U.S. Dist. LEXIS 86033, at *5 (citing *Rio Props.*, 284 F.3d at 1017).

Finally, "a method of service of process must also comport with constitutional notions of due process[,]" "[e]ven if facially permitted by Rule 4(f)(3)." "To meet this requirement, the method of service crafted by the district court must be 'reasonably

calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Props.*, 284 F.3d at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

**IV.     Plaintiffs' Proposed Means of Service Are Not Prohibited by International Agreement, Even Taking into Account China's Objections to Certain Articles of the Hague Convention**

China objects to Article 8 of the Hague Convention, which allows service to be effectuated through "diplomatic or consular agents," and Article 10, which allows service to be effectuated by "postal channels" or through foreign "judicial officers,"[12] neither of which prevent the alternative service methods proposed by Plaintiffs.

---

[12] https://www.hcch.net/en/states/authorities/details3/?aid=243.  Article 8 states:

> Each contracting State shall be free to effect service of judicial documents upon persons abroad, without application of any compulsion, directly through its diplomatic or consular agents. Any State may declare that it is opposed to such service within its territory, unless the document is to be served upon a national of the State in which the documents originate.

Article 10 states:

> Provided the State of destination does not object, the present Convention shall not interfere with (a) the freedom to send judicial documents, by postal channels, directly to persons abroad, (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination, (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

**A.    Service on Simpson Thacher & Bartlett LLP, the Company's U.S.-Based Counsel, Is Appropriate**

Service on the Company's "U.S.-based attorney is permissible because the Hague Convention does not bar this type of service[]" and China has not objected to this method of service. *Juicero*, 2017 U.S. Dist. LEXIS 86033, at *6; *see Carrico v. Samsung Elecs. Co.*, No. 15-cv-02087-DMR, 2016 U.S. Dist. LEXIS 62454, at *11 (N.D. Cal. May 10, 2016) (finding that the Hague Convention does not bar service on defendant's attorney, even though South Korea, the country at issue, had objected to service under Articles 8 and 10, like China); *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-02460-LHK, 2011 U.S. Dist. LEXIS 71269, at *44 (N.D. Cal. July 1, 2011) ("Service upon a foreign defendant's United States-based counsel is a common form of service ordered under Rule 4(f)(3).").

On August 28, 2019, ChinaCache issued a press release attached as Ex. 99.1 to the Company's Form 6-K filed with the SEC, announcing that a special committee comprised of independent members of the Company's Board of Directors had retained the law firm of Simpson Thacher & Bartlett LLP ("Simpson Thacher") to assist in conducting an internal investigation into the circumstances surrounding the arrest of Defendant Wang, the Company's former CEO and Chairman, and allegations of enterprise bribery involving

---

20 U.S.T. 361.

the Company that date back to 2014.[13]  The reasons for and circumstances of the criminal investigation into Defendant Wang are central to the fraud allegations against ChinaCache. *See* Dkt. No. 1 ¶¶ 4, 6-7, 10, 43, 45-46, 49.  Simpson Thacher maintains an office at 425 Lexington Avenue, New York, New York 10017.  Consequently, the Court should allow alternative service to be made on Simpson Thacher on behalf of the Company and Defendant Gao, who serves as the Company's principal financial and accounting officer, as well as Financial Controller of the Company.  Dkt. No. 1 ¶ 21.[14]

## B.    Service by Email Is Appropriate

China's objection to the alternative methods of service under Article 10 of the Hague Convention covers postal mail but does not prohibit email. *WeWork Cos. v. WePlus (Shanghai) Tech. Co.*, No. 5:18-cv-04543-EJD, 2019 U.S. Dist. LEXIS 5047, at *8 (N.D. Cal. Jan. 10, 2019) ("Given the weight of authority, the court finds that China's objection to Article 10 regarding postal service does not mean that email service is 'prohibited by international agreement.'"). Indeed, many courts have held that service by email does not violate the Hague Convention, even when the destination country has objected to service through postal channels under Article 10.  *See Microsoft Corp. v. Gameest Int'l Network Sales Co.*, No. 17-CV-02883-LHK, 2017 U.S. Dist. LEXIS 167444, at *11 (N.D. Cal. Oct.

---

[13] https://www.sec.gov/Archives/edgar/data/1498576/000114420419041948/tv528484_ ex99-1.htm.

[14] Plaintiffs spoke to Simpson Thacher and confirmed that the Company has not retained Simpson Thacher in this action.  Chen Decl. ¶ 10.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE
No. 2:19-cv-06942-FMO-SS

10, 2017); *Shinde v. Nithyananda Found.*, No. EDCV 13-00363-JGB (SPx), 2014 U.S. Dist. LEXIS 197030, at \*18 (C.D. Cal. Aug. 25, 2014); *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.,* No. 18-cv-00297-BAS-BGS, 2019 U.S. Dist. LEXIS 8723, at \*6 (S.D. Cal. Jan. 17, 2019) (finding that plaintiffs may serve defendants located in China through email and through service upon local counsel).

In the 2018 Annual Report filed by the Company with the State Administration of Market Regulation of China on June 25, 2019, ChinaCache provided an email address, ring.ying@chinacache.com, as part of its official enterprise contact information to the government of China.  Chen Decl. ¶ 16, Ex. 8.  Accordingly, service via this email address is appropriate for both the Company and Defendant Gao.

### C.  Service of Process Via Citibank, the Depositary for the Company's American Depositary Shares, Is Also Appropriate

ChinaCache's SEC filings name Citibank, located at 388 Greenwich Street, New York, New York 10013, as the depositary for the Company's American Depositary Shares, the securities that are the subject of this litigation, pursuant to the Deposit Agreement discussed herein.[15]  Because the Deposit Agreement provides that Citibank will, at times, forward various kinds of information to the Company,[16] an Order authorizing service of

---

[15] *See* https://www.sec.gov/Archives/edgar/data/1498576/000110465911015478/a11-8395_1ex4d3.htm (September 30, 2010 Deposit Agreement, Ex. 4.3 to the January 7, 2011 Form F-1 Registration Statement, § 7.6).

[16] *See*, *e.g.*, *id.* §§ 3.4, 4.15.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE
No. 2:19-cv-06942-FMO-SS

process on Citibank on behalf of the Company and Defendant Gao would be appropriate under the circumstances.

## V. The Proposed Methods of Alternative Service Comport with Due Process

Alternative service of process "must also comport with constitutional notions of due process." *Rio Props.*, 284 F.3d at 1016. This means "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (citing *Mullane*, 339 U.S. at 314).

Here, Plaintiffs seek to serve the Company and Defendant Gao through the Company's counsel, Simpson Thacher, on the reasonable premise that Simpson Thacher will transmit the relevant documents to the Company and Defendant Gao, who is a top executive at the Company. *Juicero*, 2017 U.S. Dist. LEXIS 86033, at *8-9 (stating that "service on defendant's legal counsel is commonly found to comply with due process"). It is also reasonable to assume that, should the Court order alternative service by email, both the Company and Defendant Gao would be apprised of the pendency of the action given that the Company provided ring.ying@chinacache.com as part of its official enterprise contact information to the government of China. *Id.* at *9 (finding that service in China via email can meet the requirement of due process when such means of communication has been embraced by Defendants themselves). Finally, service of process via Citibank, the Depositary for the Company's American Depositary Shares, is also

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE
No. 2:19-cv-06942-FMO-SS

reasonably calculated to apprise the Company and Defendant Gao of the pendency of the action, given that Citibank is contractually bound to forward various kinds of other information to the Company.

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court issue an Order: (i) finding that service of process has been effectuated as to the Company pursuant to Rule 4(h)(1)(B) by serving Law Debenture, and authorizing alternative service as to Defendant Gao by one or more of the following methods – (a) through the Company's counsel, Simpson Thatcher, (b) by email, and/or (c) via Citibank, the Company's depositary; or (ii) authorizing alternative service as to both the Company and Defendant Gao by one of more of the following methods – (a) through the Company's counsel, Simpson Thatcher, (b) by email, and/or (c) via Citibank, the Company's depositary; and (iii) granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  December 16, 2019          **POMERANTZ LLP**

   */s/ Jeremy A. Lieberman*
Jeremy A. Lieberman (admitted *pro hac vice*)
Brenda Szydlo (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665
Email: jalieberman@pomlaw.com

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE
No. 2:19-cv-06942-FMO-SS

Email: bszydlo@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184
Email: pdahlstrom@pomlaw.com

*Lead Counsel for Plaintiffs and the Proposed Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**THE ROSEN LAW FIRM, P.A.**
Jing Chen
275 Madison Avenue, 40th Fl.
New York, New York 10019
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jchen@rosenlegal.com

*Additional Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2019, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

*/s/Jeremy A. Lieberman*
Jeremy A. Lieberman