UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-6942 FMO (SSx)** | Date | **January 29, 2020** |
|---|---|---|---|
| Title | **William Likas v. ChinaCache International Holdings, Ltd., et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**        **(In Chambers) Order Re: Service**

Having reviewed plaintiffs' Motion for Alternative Service on Two Defendants (Dkt. 31, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

**BACKGROUND**

On August 9, 2019, plaintiffs filed this securities class action against defendants ChinaCache International Holdings Ltd. ("ChinaCache"); Song Wang ("Wang"); Guangsheng Meng ("Meng"); Fengye Gao ("Gao"); and Jing An ("An").[1] (See Dkt. 1, Complaint). On October 2, 2019, the court appointed Jingwen Zhang and Bingyang Cheng (collectively, "plaintiffs") as lead plaintiffs and Pomerantz LLP as lead counsel. (See Dkt. 25, Court's Order of October 2, 2019, at 1-2).

On November 20, 2019, plaintiffs filed a response to the court's order to show cause regarding service. (See Dkt. 28, Court's Order of November 13, 2019; Dkt. 29, "Response"). In their Response, plaintiffs represented that ChinaCache is headquartered in the People's Republic of China ("China") and that the four remaining individual defendants, Wang, Meng, Gao, and An (collectively, "individual defendants") are, to the best of plaintiffs' knowledge, residents of China.[2] (See Dkt. 29, Response at 3). Plaintiffs indicated that they had completed the initial steps necessary to effect service on defendants via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Convention"), but requested that the court permit service by alternative means. (See id. at 3-4). Because plaintiffs had not provided any authority supporting their request, the court denied the request, and provided plaintiffs an opportunity to file a properly supported motion for alternative service. (See Dkt. 30, Court's Order of December 2, 2019).

---

[1] Although Naijang Zhou ("Zhou") is identified as a defendant in the Complaint, (see Dkt. 1, Complaint at ¶ 21), she is absent from the Complaint's caption, (see, generally, id. at Caption, and is not mentioned as a defendant in plaintiffs' subsequent filings.

[2] Plaintiffs did not include Zhou as a defendant. (See, generally, Dkt. 29, Response at 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-6942 FMO (SSx)** | Date | **January 29, 2020** |
|---|---|---|---|
| Title | **William Likas v. ChinaCache International Holdings, Ltd., et al.** | | |

Now pending is plaintiffs' Motion, which seeks an order allowing alternative service on ChinaCache and Gao, who serves as ChinaCache's principal financial and accounting officer, as well as its Financial Controller. (See Dkt. 32, Memorandum of Points and Authorities ("Memo") at 1, 12). With the exception of Gao, the individual defendants have resigned from ChinaCache. (See id. at 2). Thus, plaintiffs seek an order permitting alternative service with respect to only ChinaCache and Gao. (See id. at 2-3). Specifically, they seek an order allowing service on ChinaCache's U.S.-based counsel, Simpson Thacher & Barltett LLP ("Simpson Thacher"). (See id. at 3, 12). According to plaintiffs, in August 2019, ChinaCache issued a press release announcing that a special committee comprised of independent members of the company's board of directors had retained Simpson Thacher to assist in conducting an internal investigation related to the circumstances giving rise to this action.[3] (See id. at 11-12). Plaintiffs also seek to serve defendants by email, specifically ChinaCache's email address, ring.ying@chinacache.com.[4] (See id. at 12-13; Dkt. 33, Declaration of Jing Chen ("Chen Decl.") at ¶ 16).

Plaintiffs state that they have diligently attempted to serve defendants via the Hague Convention, but as of yet, none have been served by China's Ministry of Justice, and there is no indication as to when they will be served. (See Dkt. 32, Memo at 1-2). In addition to attempting service via the Hague Convention, plaintiffs have attempted to serve ChinaCache by serving Law Debenture Corporate Services Inc. ("Law Debenture"), which is designated as ChinaCache's agent for service of process according to its SEC filings. (See id. at 6-7). But Law Debenture informed plaintiffs that it was no longer ChinaCache's registered agent. (See id. at 7). Plaintiffs nonetheless mailed a copy of the summons and complaint to Law Debenture, (see id.), and also mailed a copy to ChinaCache by certified mail in accordance with the terms of a deposit agreement that ChinaCache executed. (See id.).

## **LEGAL STANDARD**

Rule 4(f) of the Federal Rules of Civil Procedure provides the means by which a plaintiff may serve an individual located outside of the United States. See Fed. R. Civ. P. 4(f). Under Rule

---

[3] Plaintiffs note that Simpson Thacher has not been retained to represent ChinaCache in this matter. (See Dkt. 32, Memo at 12 n. 14).

[4] Plaintiffs also seek service via Citibank, N.A. ("Citibank"), which is ChinaCache's contractual depository for its American Depository Shares, which are the subject of this action. (See Dkt. 32, Memo at 3). However, although plaintiffs state that courts "overwhelmingly agree that [its three proposed methods of service] are reasonably calculated to apprise defendants of the pendency of an action[,]" (id.), they fail to cite to a single case addressing this specific means of service. (See, generally, id. at 13-14). Accordingly, the court will not address this proposed alternative means of service, and will instead deny plaintiffs' Motion to the extent they seek service by such means.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-6942 FMO (SSx)** | Date | **January 29, 2020** |
|---|---|---|---|
| Title | **William Likas v. ChinaCache International Holdings, Ltd., <u>et</u> <u>al</u>.** | | |

4(f)(3), the court can authorize service on a foreign individual "by other means not prohibited by international agreement[.]"  Fed. R. Civ. P. 4(f)(3).  Rule 4(h), in turn, provides that a foreign corporation may be served outside the United States "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery[.]"[5]  Fed. R. Civ. P. 4(h)(2).

Other than the requirement that the method of service not be proscribed by international agreement, Rule 4(f) imposes no limitation on the court's authority to authorize alternative means of service.  <u>See</u> <u>Rio Props., Inc. v. Rio Int'l Interlink</u>, 284 F.3d 1007, 1014 (9th Cir. 2002) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement.  No other limitations are evident from the text.  In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country.") (citations omitted).

A plaintiff need not pursue other methods of service before requesting a court to authorize an alternative method of service under Rule 4(f)(3).  <u>See</u> <u>Rio Props.</u>, 284 F.3d at 1015 ("[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant.") (citations omitted).  Courts may direct service when "the particularities and necessities of a given case require alternate service of process." <u>Id.</u> at 1016.  Any method of service authorized by the court, however, must comport with due process, meaning that it  "must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" <u>Id.</u> (quoting <u>Mullane v. Cent. Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314, 70 S.Ct. 652, 657 (1950)).

<u>**DISCUSSION**</u>

The court first considers whether plaintiffs' proposed alternative means of service are prohibited by international agreement.  The court finds that neither service on ChinaCache's counsel, Simpson Thacher, nor by email is prohibited by international agreement, including the Hague Convention, even when taking into account China's objections to certain articles of the Hague Convention.  <u>See</u>, e.g., <u>Juicero, Inc. v. Itaste Co.</u>, 2017 WL 3996196, *2 (N.D. Cal. 2017) (finding that service on Chinese defendants' U.S.-based counsel not prohibited by the Hague Convention); <u>Celgard, LLC v. Shenzhen Senior Technology Material Co. Ltd (US) Research Institute</u>, 2019 WL 5550039, *3 (N.D. Cal. 2019) (authorizing alternate service of Chinese defendant via its U.S. counsel); <u>Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co., Ltd.</u>, 2019 WL 246562, *3 (S.D. Cal. 2019) (finding Hague Convention did not prohibit service by email or on local

---

[5] Pursuant to Rule 4, a foreign corporation may be served in the United States by following state law or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"  Fed. R. Civ. P. 4(h)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-6942 FMO (SSx)** | Date | **January 29, 2020** |
|---|---|---|---|
| Title | **William Likas v. ChinaCache International Holdings, Ltd., et al.** | | |

counsel for Chinese defendants); see also Richmond Techs., Inc. v. Aumtech Bus. Sols., 2011 WL 2607158, *3 (N.D. Cal. 2011) ("Service upon a foreign defendant's United States-based counsel is a common form of service ordered under Rule 4(f)(3).");[6] Microsoft Corp. v. Goldah.com Network Tech. Co., Ltd., 2017 WL 4536417, *4 (N.D. Cal. 2017) ("China's objection to Article 10 does not prohibit the email service the Court ordered in the instant case."); Secs. and Exch. Comm'n v. China Sky One Med., Inc., 2013 WL 12314508, *2 (C.D. Cal. 2013) ("While there is some disagreement on this issue, numerous courts have held that service by e-mail does not violate the Hague Convention, even when the destination country has objected to service through postal channels under Article 10.").

The court also finds that the requested alternative service comports with due process. Such service is "reasonably calculated, under all the circumstances, to apprise [the subject defendants] of the pendency of the action and afford them an opportunity to present their objections." Mullane, 339 U.S. at 314, 70 S.Ct. at 657; see Juicero, 2017 WL 3996196, at *3 (noting that "service on a defendant's legal counsel is commonly found to comply with due process"); id. (finding that service by email would be reasonably calculated to provide notice "especially in combination with service on . . . U.S.-based counsel").

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1.      Plaintiffs' Motion for Alternative Service on Two Defendants **(Document No. 31)** is **granted** as set forth in this Order.

2.      Plaintiffs may effectuate service on defendants ChinaCache and Fengye Gao by serving ChinaCache's counsel, Simpson Thacher & Barltett LLP, and by serving the following email address:  ring.ying@chinacache.com.

3.  Plaintiffs' deadline to serve ChinaCache and Fengye Gao is extended to **February 12, 2020**.  Plaintiffs shall file proofs of service with respect to ChinaCache and Fengye Gao no later than **February 18, 2020**. Plaintiffs are cautioned that failure to file proofs of service by the deadline set forth above will result in the dismissal of the subject defendants without prejudice for failure to serve, prosecute and/or comply with a court order.  See Fed. R. Civ. P. 4 & 41(b); Link v.

---

[6]   Some courts have concluded that the Hague Convention is inapplicable in such circumstances because service on U.S. counsel "does not require the delivery of documents abroad."  See Vanderhoef v. China Auto Logistics Inc., 2019 WL 6337908, *3 (D.N.J. 2019). Either way, service on ChinaCache's U.S. counsel is not prohibited.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-6942 FMO (SSx)** | Date | **January 29, 2020** |
|---|---|---|---|
| Title | **William Likas v. ChinaCache International Holdings, Ltd., et al.** | | |

Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

Preparer:       vdr