1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LIKAS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINACACHE INTERNATIONAL HOLDINGS LTD.,<br>SONG WANG,<br>GUANGSHENG MENG,<br>FENGYE GAO, and<br>JING AN,<br><br>Defendants. | Case No. 2:19-cv-06942-JWH-SSx<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVIDING FOR NOTICE** |

1   Before the Court is the unopposed motion of Lead Plaintiff the

2   ChinaCache Investor Group ("Plaintiff"),[1] for an order:  (1) granting

3   preliminary approval of the proposed settlement; (2) granting conditional

4   certification of the settlement class, certifying Jingwen Zhang and Bingyang

5   Cheng as class representatives, and appointing Lead Counsel, Pomerantz LLP,

6   as class counsel for the purposes of the settlement; (3) granting approval of the

7   form and manner of giving notice of the proposed settlement to the settlement

8   class members; and (4) setting a date for a settlement hearing and the deadlines

9   for the mailing and publication of the class notice, the filing of settlement class

10  member objections, the filing of settlement class member opt-out notices, the

11  filing of Lead Plaintiff's motion for final approval of the settlement, and the

12  filing of Lead Counsel's application for attorneys' fees and expenses.[2]  The

13  Court finds this matter appropriate for resolution without a hearing.  *See*

14  Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support of the

15  Motion,[3] the Motion is **GRANTED**, as set forth herein.

16  **WHEREAS**, Plaintiff on behalf of itself and the Settlement Class (defined

17  below), and Defendants ChinaCache International Holdings Ltd.

18  ("ChinaCache") and Jing An (jointly, the "Settling Defendants"),[4] have

19  determined to settle all claims asserted against all defendants in this Action with

20  prejudice on the terms and conditions set forth in the Stipulation and Agreement

21

22  [1]    On October 2, 2019, the Court appointed Jingwen Zhang and Bingyang

23  Cheng (jointly, the "ChinaCache Investor Group") as Lead Plaintiff, and
     Pomerantz LLP as Lead Counsel.  *See generally* Order Appointing Lead Plaintiff

24  and Approving Selection of Counsel [ECF No. 25].

25  [2]    Notice of Unopposed Mot. for Entry of Order Prelim. Approving
     Settlement and Establishing Notice Procedures [ECF No. 73], and Mem. of P. &

26  A. in Supp. [ECF No. 74] (jointly, the "Motion").

27  [3]    The Court considered the following papers:  (1) Amend. Compl. [ECF
     No. 45]; (2) the Motion; and (3) Decl. of Brenda Szydlo in Supp. of the Motion
     (the "Szydlo Decl.") [ECF No. 75] (including its attachments).

28  [4]    Lead Plaintiff, together with the Settling Defendants, are the "Parties."

of Settlement dated December 15, 2020,[5] subject to the approval of this Court (the "Settlement");

**WHEREAS**, Plaintiff has made an application pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

**WHEREAS**, the Court has read and considered:  (a) Plaintiff's Motion and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

**WHEREAS**, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

**NOW THEREFORE, IT IS HEREBY ORDERED**:

1. **Class Certification for Settlement Purposes**:  Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who or that purchased or otherwise acquired ChinaCache Securities between April 10, 2015, and May 17, 2019, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby.  Excluded from the Settlement Class are Defendants, the present and former Officers and directors of ChinaCache and any subsidiary thereof, and the Immediate Family members, legal representatives, heirs, successors, or assigns of such excluded persons and any entity in which any such excluded person has or had a controlling interest during the Settlement Class Period.  Also excluded from the Settlement Class are any persons and entities who or that exclude themselves by

---

[5]     Szydlo Decl., Ex. 1 (the "Stipulation") [ECF No. 75-1].

1  submitting a valid and timely request for exclusion and persons and entities with

2  no compensable losses.

3     2. **Class Findings**:  Solely for purposes of the proposed Settlement of

4  this Action, the Court finds that each element required for certification of the

5  Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has

6  been met:  (a) the members of the Settlement Class are so numerous that their

7  joinder in the Action would be impracticable; (b) there are questions of law and

8  fact common to the Settlement Class that predominate over any individual

9  questions; (c) the claims of Plaintiff in the Action are typical of the claims of the

10  Settlement Class; (d) Plaintiff and Lead Counsel have and will fairly and

11  adequately represent and protect the interests of the Settlement Class; and (e) a

12  class action is superior to other available methods for the fair and efficient

13  adjudication of the Action.

14     3. The Court hereby finds and concludes that pursuant to Rule 23 of

15  the Federal Rules of Civil Procedure, and for the purposes of the Settlement

16  only, Plaintiffs Jingwen Zhang and Bingyang Cheng (who together are Lead

17  Plaintiff, The ChinaCache Investor Group), are each adequate class

18  representatives and certifies each of them as Class Representatives for the

19  Settlement Class.  The Court also appoints Lead Counsel as Class Counsel for

20  the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil

21  Procedure.

22     4. **Preliminary Approval of the Settlement**:  The Court hereby

23  preliminarily approves the Settlement, as embodied in the Stipulation, as being

24  fair, reasonable, and adequate to the Settlement Class, subject to final approval

25  at the Settlement Hearing to be conducted as described below.

26     5. **Settlement Hearing**:  The Court will hold a settlement hearing

27  (the "Settlement Hearing") before the Honorable John W. Holcomb on

28  August 27, 2021, at 9:00 a.m. in Courtroom 2, United States District Court for

the Central District of California, George E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th St., Riverside, CA 92501, for the following purposes:  (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, which may include an application for the reimbursement of the reasonable costs and expenses incurred by Plaintiff, should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of: (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "<u>Notice</u>") shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as to which the Parties may agree, if appropriate, without further notice to the Settlement Class.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

7.      **<u>Retention of Claims Administrator and Manner of Giving Notice</u>**: Lead Counsel is hereby authorized to retain Strategic Claims Services (the "<u>Claims Administrator</u>") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice shall be given by Lead Counsel as follows:

a. within seven (7) calendar days of entry of this Order, ChinaCache shall provide or cause to be provided to the Claims Administrator in electronic format, such as an Excel spreadsheet, (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) its reasonably available lists (consisting of names and addresses) of the holders of ChinaCache Securities during the Settlement Class Period;

b. not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim Form ("Claim Form"), substantially in the forms attached hereto as **Exhibits A-1 and A-2**, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by ChinaCache or in the records that ChinaCache caused to be provided, or who otherwise may be identified through further reasonable effort;

c. contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

d. not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as **Exhibit A-3**, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

e. not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on the Settling Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

-6-

8.   **Approval of Form and Content of Notice**:  The Court
(a) approves, as to form and content, the Notice, the Claim Form, and the
Summary Notice, attached hereto as **Exhibits A-1, A-2, and A-3**, respectively,
and (b) finds that the mailing and distribution of the Notice and Claim Form and
the publication of the Summary Notice in the manner and form set forth in
paragraph 7 of this Order (i) is the best notice practicable under the
circumstances; (ii) constitutes notice that is reasonably calculated, under the
circumstances, to apprise Settlement Class Members of the pendency of the
Action, of the effect of the proposed Settlement (including the Releases to be
provided thereunder), of Lead Counsel's motion for an award of attorneys' fees
and reimbursement of Litigation Expenses (including any application for
reimbursement of the reasonable costs and expenses incurred by Plaintiff
directly related to its representation of the Settlement Class), of their right to
object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion
for attorneys' fees and reimbursement of Litigation Expenses (including any
reimbursement to Plaintiff), of their right to exclude themselves from the
Settlement Class, and of their right to appear at the Settlement Hearing;
(iii) constitutes due, adequate, and sufficient notice to all persons and entities
entitled to receive notice of the proposed Settlement; and (iv) satisfies the
requirements of Rule 23 of the Federal Rules of Civil Procedure, the United
States Constitution (including the Due Process Clause), the Private Securities
Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other
applicable law and rules.  The date and time of the Settlement Hearing shall be
included in the Notice and Summary Notice before they are mailed and
published, respectively.

9.   **Nominee Procedures**:  Brokers and other nominees who
purchased or otherwise acquired ChinaCache Securities during the Settlement
Class Period for the benefit of another person or entity shall:  (a) within seven

(7) calendar days of receipt of the letter, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners/purchasers and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners/purchasers; or (b) within seven (7) calendar days of receipt of the letter, send a list of the names, addresses, and/or email addresses of all such beneficial owners/purchasers to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners/purchasers.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, in an amount not to exceed $0.15 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; or $0.05 per Notice Packet transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes regarding the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlement**: Settlement Class Members who wish to participate in the Settlement and who are eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked or electronically submitted no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting

a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against each and all of the

Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13. **Exclusion From the Settlement Class**: Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to the following recipients: (i) *Likas v. ChinaCache International Holdings Ltd. et al.*, EXCLUSIONS, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 3, P.O. Box 230, Media, PA 19063, toll free number: 866-274-4004, facsimile: 610-565-7985, email: info@strategicclaims.net; and (ii) both Lead Counsel and Settling Defendants' Counsel, at the addresses set forth in paragraph 17 below; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Likas v. ChinaCache International Holdings Ltd. et al.*, 2:19-cv06942-JWH-SS"; (iii) state the number of ChinaCache ADRs that the person or entity requesting exclusion purchased/acquired and/or sold during the period from April 10, 2015, through and including May 17, 2019, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all of the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.     Any person or entity who or that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15.     Any Settlement Class Member who or that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order:  (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against any of the Settling Defendants' Releasees, as more fully described in the Stipulation and Notice.

16.     **Appearance and Objections at Settlement Hearing**:  Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Settling Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement of the reasonable costs and expenses to Plaintiff) and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Plaintiff) should not be approved; ***provided, however***, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Settling Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Clerk's Office** | **Lead Counsel** | **Settling Defendants' Counsel** |
|---|---|---|
| United States District Court for the Central District of California Clerk of the Court George E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th St., Riverside, CA 92501 | Pomerantz LLP Jeremy A. Lieberman, Esq. 600 Third Avenue, 20th Floor New York, NY 10016 | Quinn Emanuel Urquhart & Sullivan, LLP Michael B. Carlinsky, Esq. 51 Madison Avenue New York, NY 10010 |

18.     Any objections, filings, and other submissions by the objecting Settlement Class Member:  (a) must state the name, address, and telephone

-12-

number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (c) must state the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case; and (d) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of ChinaCache ADRs that the objecting Settlement Class Member purchased/acquired and/or sold during the period from April 10, 2015, through and including May 17, 2019, as well as the dates and prices of each such purchase/acquisition and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who or that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Plaintiff) and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses (including reimbursement to Plaintiff), or from otherwise being heard

concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.   **Stay and Temporary Injunction**:  Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiff's Claims against each and all of the Defendants' Releasees.

21.   **Settlement Administration Fees and Expenses**:  The Escrow Agent may, at any time after entry of this Order and without further approval from Settlement Defendants or the Court, disburse at the direction of Lead Counsel up to $250,000.00 for all reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement and administering the Settlement.

22.   **Settlement Fund**:  The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.   **Taxes**:  Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and otherwise to perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.   **Termination of Settlement**:  If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective

Date of the Settlement otherwise fails to occur, then this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of October 28, 2020, as provided in the Stipulation.

25. **Use of this Order**:  Neither this Order, the Memorandum of Understanding, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Memorandum of Understanding and the Stipulation, nor any proceedings taken pursuant to or in connection with the Memorandum of Understanding, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Settling Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Settling Defendants' Releasees with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Defendants' Releasees or in any way referred to for any other reason as against any of the Settling Defendants' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Settling Defendants' Releasees had

1  meritorious defenses, or that damages recoverable under the Amended

2  Complaint would not have exceeded the Settlement Amount or with respect to

3  any liability, negligence, fault, or wrongdoing of any kind, or in any way referred

4  to for any other reason as against any of the Plaintiff's Releasees, in any civil,

5  criminal, or administrative action or proceeding, other than such proceedings as

6  may be necessary to effectuate the provisions of the Stipulation; or (c) shall be

7  construed against any of the Releasees as an admission, concession, or

8  presumption that the consideration to be given under the Settlement represents

9  the amount that could be or would have been recovered after trial; provided,

10  however, that if the Stipulation is approved by the Court, then the Parties and

11  the Releasees and their respective counsel may refer to it to effectuate the

12  protections from liability granted thereunder or otherwise to enforce the terms

13  of the Settlement.

14       26.  **Supporting Papers**:  Lead Counsel shall file and serve the opening

15  papers in support of the proposed Settlement, the Plan of Allocation, and Lead

16  Counsel's motion for an award of attorneys' fees and reimbursement of

17  Litigation Expenses (including reimbursement to Plaintiff) no later than thirty-

18  five (35) calendar days prior to the Settlement Hearing; and reply papers, if any,

19  shall be filed no later than seven (7) calendar days prior to the Settlement

20  Hearing.

21       27.  The Court retains jurisdiction to consider all further applications

22  arising out of or connected with the proposed Settlement.

23       **IT IS SO ORDERED.**

24

25  Dated: April 26, 2021

26                                    John W. Holcomb
                                      UNITED STATES DISTRICT JUDGE

27

28

-16-

# EXHIBIT A-1

**Exhibit A-1**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM LIKAS, Individually and On Behalf of All Others Similarly Situated, )<br>)<br>) | |
| )<br>Plaintiff, ) | No.: 2:19-cv-06942-JWH-SS |
| )<br>)<br>v. ) | |
| )<br>)<br>CHINACACHE INTERNATIONAL )<br>HOLDINGS LTD., SONG WANG, )<br>GUANGSHENG MENG, FENGYE )<br>GAO, and JING AN, )<br>)<br>Defendants. )<br>)<br>) | |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*<u>A Federal Court authorized this Notice.</u>*
*<u>This is not a solicitation from a lawyer.</u>*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Central District of California (the "Court"), if, during the period between April 10, 2015 and May 17, 2019, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired the American Depositary Shares (also referred to as American Depositary Receipts) ("ADRs") of ChinaCache International Holdings Ltd. ("ChinaCache" or the "Company") and were allegedly damaged thereby (the "Settlement Class").[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff The ChinaCache Investor Group (consisting of Plaintiffs Jingwen Zhang and Bingyang Cheng ("Plaintiff")), on behalf of itself and the Settlement Class (as defined in ¶ 19 below), has reached a proposed settlement of the Action for $1,800,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact ChinaCache, any other defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 79 below).**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 15, 2020 (the "Stipulation"), which is available at www.chinacachesettlement.com.

1      **1.**    <u>**Description of the Action and the Settlement Class**</u>**:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants ChinaCache, Song Wang, Guangsheng Meng, Fengye Gao and Jing An (collectively, the "Defendants")[2] violated the federal securities laws by making false and misleading statements regarding ChinaCache. As discussed below, Defendants deny these allegations and any wrongdoing. A more detailed description of the Action is set forth in ¶¶ 11-18 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 19 below.

**2.**    <u>**Statement of the Settlement Class's Recovery**</u>**:** Subject to Court approval, Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $1,800,000 in cash (the "Settlement Amount") to be deposited into an Escrow Account. The Net Settlement Fund (*i.e.,* the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

**3.**    <u>**Estimate of Average Amount of Recovery Per Share**</u>**:** Based on Plaintiff's damages expert's estimates of the number of ChinaCache ADRs purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in

---

[2] Defendants Song Wang, Guangsheng Meng, Fengye Gao and Jing An are collectively referred to herein as the "Individual Defendants."

- 3 -

the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.09. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold shares of ChinaCache ADRs, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

4.     **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.     **Attorneys' Fees and Expenses Sought:** Plaintiff's Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2019, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Pomerantz LLP, will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 33.3% of the Settlement Fund plus interest. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants plus interest, in an amount not to exceed $120,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiff directly related to its representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not

personally liable for any such fees or expenses. The estimated average cost per affected share of ChinaCache ADRs, if the Court approves Lead Counsel's fee and expense application, is $0.04 per eligible share.

6. **Identification of Attorneys' Representatives:** Plaintiff and the Settlement Class are represented by Jeremy A. Lieberman, Esq. of Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, 212-661-1100. The Settling Defendants are represented by Michael B. Carlinsky, Esq. of Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22ND Floor New York, New York 10010.

7. **Reasons for the Settlement:** Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery - or indeed no recovery at all - might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Settling Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY MAIL POSTMARKED NO LATER THAN _____, 2021 OR ELECTRONICALLY BY 11:59 P.M. EST ON _____, 2021** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 28 below) that you have against Defendants and Settling Defendants' Releasees (defined in ¶ 29 below), so it is in your interest to submit a Claim Form. |

| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN \_\_\_\_\_, 2021.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or Settling Defendants' Releasees concerning the Released Plaintiff's Claims. |
|---|---|
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2021 AT _____.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | Filing a written objection and notice of intention to appear by _____, 2021 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? Page __

What Is This Case About? Page __

How Do I Know If I Am Affected By The Settlement? Who Is
  Included In The Settlement Class? Page __

What Are Lead Plaintiff's Reasons For The Settlement? Page __

What Might Happen If There Were No Settlement? Page __

How Are Settlement Class Members Affected By The Action
  And The Settlement? Page __

How Do I Participate In The Settlement? What Do I Need To Do? Page __

How Much Will My Payment Be? Page __

What Payment Are The Attorneys For The Settlement Class Seeking?

How Will The Lawyers Be Paid? Page __

What If I Do Not Want To Be A Member Of The Settlement Class? How
  Do I Exclude Myself? Page __

When And Where Will The Court Decide Whether To Approve The
  Settlement? Page __

Do I Have To Come To The Hearing? May I Speak At The Hearing

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

If I Don't Like The Settlement?                                      Page__

What If I Bought Shares On Someone Else's Behalf?          Page __

Can I See The Court File? Whom Should I Contact If I Have

   Questions?                                                        Page __

## WHY DID I GET THIS NOTICE?

8.     The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired ChinaCache ADRs during the Settlement Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* ¶ 70 below for details about the Settlement Hearing, including the date and location of the hearing.

10.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still must decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are

- 8 -

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT
FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT
OF LITIGATION EXPENSES

resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|---|

11.     On October 2, 2019, by Order Appointing Lead Plaintiff and Approving Selection of Counsel, the Honorable Fernando M. Olguin appointed The ChinaCache Investor Group (consisting of Plaintiffs Jingwen Zhang and Bingyang Cheng) as Lead Plaintiff for the Action; and approved Lead Plaintiff's selection of Pomerantz LLP as Lead Counsel in *Likas v. ChinaCache International Holdings Ltd. et al.*, 2:19-cv-06942. (Dkt. No. 25).

12.     On April 24, 2020, the parties jointly submitted a stipulation informing the Court of an upcoming mediation and requested an extension of time for the filing of an amended complaint and related briefing, which was granted on April 27, 2020. (Dkt. Nos. 42-43). Beginning in April 2020, the Parties engaged in arm's-length settlement negotiations for months, including participating in one full-day mediation session in June 2020.

13.     On June 18, 2020, Lead Counsel and Defendants' Counsel participated in a full-day virtual mediation session before a highly experienced third-party mediator, David Murphy of Phillips ADR (the "Mediator").  In advance of that session, the Parties exchanged, and provided to the Mediator, detailed mediation statements and exhibits that addressed liability and damages issues.  During the mediation session, both sides had detailed discussions about the merits of Plaintiff's claims and the defenses to those claims.  The Parties were unable to reach an agreement to settle the Action during the mediation. The Parties, however, continued their arm's-length settlement negotiation afterwards while they concurrently proceeded with this Action.

14.     On July 9, 2020, Plaintiff filed its Amended Complaint (the "Amended Complaint") asserting claims against all Defendants under Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. (Dkt. No. 44).  The Amended Complaint alleged that throughout the Class Period, Defendants made materially false and misleading statements and failed to disclose that ChinaCache and Defendant Song Wang ("Wang")—the Company's Chief Executive Officer ("CEO") and Chairman of the Board of Directors ("Chairman")—were involved in a bribery scandal. The foregoing conduct allegedly placed ChinaCache and Wang at a heightened risk of criminal investigation and enforcement action by government authorities, which would foreseeably disrupt the Company's operations. The Amended Complaint further alleges that this resulted in the criminal investigations of Wang and the Company, the arrest of Wang, and the indictment of the Company in China. On October 6, 2020, the Settling Defendants filed their Motion to Dismiss the Amended Complaint. (Dkt. No. 67).

15.    On October 28, 2020, the Parties reached an agreement in principle to settle the Action. The agreement was memorialized in a memorandum of understanding (the "Memorandum of Understanding") which was fully executed on October 28, 2020. The Memorandum of Understanding sets forth, among other things, the Parties' agreement to fully and finally settle and release all claims that were asserted or could have been asserted in the Action in return for a cash payment by or on behalf of Defendants of $1,800,000 for the benefit of the Settlement Class. The Stipulation reflects the final and binding agreement between the Parties.

16.    Based upon their investigation, prosecution and mediation of the case, Plaintiff and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Plaintiff and the other members of the Settlement Class, and in their best interests. Based on Plaintiff's direct oversight of the prosecution of this matter and with the advice of its counsel, Plaintiff has agreed to settle and release the claims that were asserted or could have been asserted in the Action

pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

17.   The Settling Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Settling Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any of the Settling Defendants' Releasees (defined in ¶ 29 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

18.   On_____, 20__, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

19.   If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

all persons and entities who or which purchased or otherwise acquired ChinaCache Securities[3] between April 10, 2015 and May 17, 2019, inclusive,

_____

[3] ChinaCache Securities are defined as ChinaCache ADRs listed on NASDAQ under the ticker symbol "CCIH" before September 6, 2019 and traded on the over-the-

1   and were allegedly damaged thereby.

2   Excluded from the Settlement Class are Settling Defendants, the present and former
3   Officers and directors of ChinaCache and any subsidiary thereof, and the Immediate
4   Family members, legal representatives, heirs, successors or assigns of such excluded
5   persons and any entity in which any such excluded person has or had a controlling
6   interest during the Settlement Class Period. Also excluded from the Settlement Class
7   are any persons or entities who or which exclude themselves by submitting a request
8   for exclusion in accordance with the requirements set forth in this Notice and persons
9   and entities with no compensable losses. *See* "What If I Do Not Want To Be A Member
10  Of The Settlement Class? How Do I Exclude Myself," on page [        ] below.

11
12  **PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU**
13  **ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE**
14  **ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU**
15  **ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE**
16  **TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE**
17  **SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM**
18  **THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED**
19  **SUPPORTING DOCUMENTATION AS SET FORTH THEREIN**
20  **POSTMARKED NO LATER THAN _____, 2021. ALTERNATIVELY,**
21  **YOU MAY OBTAIN, COMPLETE AND SUBMIT AN ELECTRONIC CLAIM**
22  **BY 11:59 P.M. EST ON _____, 2021 AT WWW.**
23  **CHINACACHESETTLEMENT.COM.**

24  | **WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?** |

25       20.    Plaintiff and Lead Counsel believe that the claims asserted against
26  _____
27  counter ("OTC") market in the United States under the ticker symbol "CCIHY" since
28  September 6, 2019.

- 12 -

Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. Moreover, as to Plaintiff's claims, Plaintiff and Lead Counsel recognized that Settling Defendants had numerous avenues of attack that could preclude a recovery. For example, they would assert that Plaintiff could not prove loss causation for much of the decline in the value of the ADRs. They would also assert that the statements were not materially false and misleading, and that even if they were, the statements were not made with the requisite state of mind to support the securities fraud claims alleged. Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to each of the allegedly false statements would be hotly contested. Plaintiff would have to prevail at several stages - motions to dismiss and for summary judgment, class certification, trial, and if it prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

21.     In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $1,800,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

22.     The Settling Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. The Settling Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not

1   be construed as an admission of any wrongdoing by Settling Defendants.

2   | **WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?** |

3

4   23.   If there were no Settlement and Plaintiff failed to sufficiently allege or

5   prove any essential legal or factual element of its claims against Settling Defendants,

6   neither Plaintiff nor the other members of the Settlement Class would recover anything

7   from Settling Defendants. Also, if the Settling Defendants were successful in proving

8   any of their defenses, either at summary judgment, at trial or on appeal, the Settlement

9   Class could recover substantially less than the amount provided in the Settlement, or

10  nothing at all.

11  | **HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED**
    **BY THE ACTION AND THE SETTLEMENT?** |

12

13  24.   As a Settlement Class Member, you are represented by Plaintiff and Lead

14  Counsel, unless you enter an appearance through counsel of your own choice at your

15  own expense. You are not required to retain your own counsel, but if you choose to do

16  so, such counsel must file a notice of appearance on your behalf and must serve copies

17  of his or her appearance on the attorneys listed in the section titled, "When And Where

18  Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To

19  The Hearing? May I Speak At The Hearing If I Don't Like The Settlement?," below.

20  25.   If you are a Settlement Class Member and do not wish to remain a

21  Settlement Class Member, you may exclude yourself from the Settlement Class by

22  following the instructions in the section titled, "What If I Do Not Want To Be A

23  Member Of The Settlement Class? How Do I Exclude Myself?," below.

24  26.   If you are a Settlement Class Member and you wish to object to the

25  Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees

26  and reimbursement of Litigation Expenses, or the awards to Plaintiff, and if you do not

27  exclude yourself from the Settlement Class, you may present your objections by

28

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT
FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT
OF LITIGATION EXPENSES

following the instructions in the section titled, "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement?," below.

27.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim (as defined in ¶ 28 below) against the Settling Defendants and the Settling Defendants' Releasees (as defined in ¶ 29 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Settling Defendants' Releasees.

28.     "Released Plaintiff's Claims" means any and all claims, demands, rights, causes of action and liabilities, of every nature and description whatsoever, whether based in law or equity, arising under federal, state, local, statutory or common law, or any other law, rule or regulation, including both known and Unknown Claims, that have been or could have been asserted in any forum by the members of the Settlement Class, or the successors or assigns of any of them, in any capacity, arising out of, based upon or related in any way to the purchase, acquisition, sale, or ownership of ChinaCache securities during the Settlement Class Period. Released Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

29.    "Settling Defendants' Releasees" means Defendants and ChinaCache's current or former parents, subsidiaries, predecessors, successors, divisions, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers or reinsurers in their capacities as such, as well as each of the Immediate Family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns of the Individual Defendants and other individuals referred to in this paragraph.

30.    "Unknown Claims" means any Released Plaintiff's Claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected any of his, her or its decision(s) with respect to this Settlement, including, without limitation, a Settlement Class Member's decision not to opt-out or object. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the Settling Defendants' Releasees and each of the Plaintiff's Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the

- 16 -

release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiff, any other Settlement Class Member, Settling Defendants, and their respective Releasees may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiff and each of the Settling Defendants shall expressly waive, and each of the other Settlement Class Members and Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and each of the other Settlement Class Members and each of the Settling Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

31.    The Judgment will also provide that, upon the Effective Date of the Settlement, Settling Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 32 below) against Plaintiff and the other Plaintiff's Releasees (as defined in ¶ 33 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.

32.    "Released Defendants' Claims" means any and all claims, demands, rights, causes of action, and liabilities, whether based in law or equity, arising under federal, state, local, statutory or common law or any other law, rule or regulation including both known and Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in this Action against

- 17 -

the Defendants, including under Rule 11 of the Federal Rules of Civil Procedure or for any other fees or cost shifting. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement, any claims between or among the Defendants and Settling Defendants' Releasees, any claims between the Defendants and Settling Defendants' Releasees and their respective insurers, or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

33. "Plaintiff's Releasees" means Plaintiff, Plaintiff's Counsel, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

34. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation to the Claims Administrator at the address in ¶ 79 below, **postmarked no later than _____.** A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement at www.chinacachesettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-274-4004. Electronic Claim Forms must be submitted by 11:59 p.m. EST on _____, 2021.  Please retain all records of your ownership of and transactions in ChinaCache ADRs, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

35.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

36.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid one million, eight hundred thousand dollars ($1,800,000) in cash. The Settlement Amount will be deposited into an Escrow Account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve ("Authorized Claimants").

37.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

38.    Neither Settling Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Settling Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the Plan of Allocation.

- 19 -

39.     Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

40.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form electronically by 11:59 p.m. EST on _____, 2021 or postmarked on or before _____, 2021, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiff's Claims (as defined in ¶ 28 above) against the Settling Defendants' Releasees (as defined in ¶ 29 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiff's Claims against any of the Settling Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

41.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

42.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

43.     Only Settlement Class Members, *i.e.,* persons and entities who purchased or otherwise acquired ChinaCache ADRs during the Settlement Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to a request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. ChinaCache ADRs are the only security that is included in the Settlement.

## PROPOSED PLAN OF ALLOCATION

44.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of ChinaCache ADRs purchased or otherwise acquired during the Settlement Class Period, April 10, 2015 through May 17, 2019, both dates inclusive. The calculation of Recognized Loss will depend upon several factors, including when the ChinaCache ADRs were purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether such shares were sold, and if sold, when they were sold and for what amounts. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. The Settlement Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

45.     The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of ChinaCache ADRs was artificially inflated during the Settlement Class Period. The estimated alleged artificial inflation in the price of ChinaCache ADRs is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of ChinaCache

- 21 -

ADRs during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiff and the Company-specific price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiff.

46.     Federal securities laws allow investors to recover for losses caused by disclosures which corrected a defendant's previous false or misleading statements. Thus, in order to have been damaged by the alleged violations of the federal securities laws, ChinaCache ADRs purchased or otherwise acquired during the Settlement Class Period must have been held during a period of time in which their price declined due to the disclosure of information which corrected an allegedly false or misleading statement. Plaintiff and Lead Counsel have determined that such price declines occurred on: May 17, 2019, September 6, 2019, September 9, 2019, September 10, 2019, and September 11, 2019 (the "Corrective Disclosures"). Accordingly, if a ChinaCache ADR was sold before May 17, 2019 (the earliest Corrective Disclosure date), the Recognized Loss for such stock is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a ChinaCache ADR was both purchased and sold between two consecutive Corrective Disclosure dates, the Recognized Loss for such stock is $0.00.

| Table 1 Artificial Inflation in ChinaCache ADRs[4] [5] | | |
|---|---|---|
| From | To | Per-Share Price Inflation** |
| April 10, 2015 | May 16, 2019 | $1.08 |

---

[4] Any transactions in ChinaCache ADRs executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[5] September 11, 2019 is the latest Corrective Disclosure date. Thus, the estimated per-share price inflation in ChinaCache ADRs after September 10, 2019 is $0.

- 22 -

| May 17, 2019 | September 5, 2019 | $0.87 |
| September 6, 2019 | September 8, 2019 | $0.36 |
| September 9, 2019 | September 9, 2019 | $0.22 |
| September 10, 2019 | September 10, 2019 | $0.15 |
| September 11, 2019 | Thereafter | $0.00 |

** Per-share price inflation shall not exceed the per-share purchase price for the stock.

47.   The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for ChinaCache ADRs. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on ChinaCache ADRs purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period")[6] cannot exceed the difference between the purchase price paid for such stock and the average price of ChinaCache ADRs during the 90-Day Lookback Period. The Recognized Loss on ChinaCache ADRs purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and the rolling average price of the ChinaCache ADRs during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

48.   In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

**CALCULATION OF RECOGNIZED LOSS PER CHINACACHE ADR**

49.   Based on the formula set forth below, a Recognized Loss Amount per share shall be calculated for each purchase or acquisition of ChinaCache ADRs during

---

[6] Trading in ChinaCache ADRs was halted on May 17, 2019 at 11:12:36 a.m. ET, and did not resume until September 6, 2019.  For purposes of calculating the Recognized Loss pursuant to the Plan of Allocation, the 90-Day Lookback Period is the period from May 17, 2019 through December 3, 2019.

the Settlement Class Period (i.e., April 10, 2015 through May 17, 2019, inclusive) that is listed in the Proof of Claim Form and for which adequate documentation is provided.

    i.    For each share of ChinaCache ADRs that was sold prior to May 17, 2019, the Recognized Loss per share is $0.00.

    ii.    For each share of ChinaCache ADRs that was purchased during the period April 10, 2015 through May 16, 2019, inclusive, and subsequently sold during the period May 17, 2019 through September 10, 2019, inclusive, (i.e., sold during the 90-Day Lookback Period prior to the latest Corrective Disclosure date), the Recognized Loss per share is ***the lesser of***:

        a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above, ***minus*** the amount of per-share price inflation on the date of sale as appears in Table 1 above; or

        b.    the per-share purchase price ***minus*** the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

    iii.    For each share of ChinaCache ADRs that was purchased during the period April 10, 2015 through May 16, 2019, inclusive, and subsequently sold during the period September 11, 2019 through December 3, 2019, inclusive, (i.e., sold during the 90-Day Lookback Period on or after the latest Corrective Disclosure date), the Recognized Loss per share is ***the lesser of:***

        a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

        b.    the per-share purchase price ***minus*** the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

    iv.    For each share of ChinaCache ADRs that was purchased during the period April 10, 2015 through May 16, 2019, inclusive, and still held as of close of the U.S. financial markets on December 3, 2019, the Recognized Loss per share is ***the lesser of:***

      a.  the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

      b.  the per-share purchase price *minus* the average closing price for ChinaCache ADRs during the 90-Day Lookback Period, which is $0.07.

  v.  For each share of ChinaCache ADRs that was purchased on or after May 17, 2019, the Recognized Loss per share is $0.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** |
| 5/17/2019 | $0.88 | 10/4/2019 | $0.11 | 11/4/2019 | $0.08 |
| 9/6/2019 | $0.64 | 10/7/2019 | $0.11 | 11/5/2019 | $0.07 |
| 9/9/2019 | $0.51 | 10/8/2019 | $0.10 | 11/6/2019 | $0.08 |
| 9/10/2019 | $0.43 | 10/9/2019 | $0.10 | 11/7/2019 | $0.08 |
| 9/11/2019 | $0.35 | 10/10/2019 | $0.10 | 11/8/2019 | $0.08 |
| 9/12/2019 | $0.30 | 10/11/2019 | $0.10 | 11/11/2019 | $0.08 |
| 9/13/2019 | $0.26 | 10/14/2019 | $0.10 | 11/12/2019 | $0.08 |
| 9/16/2019 | $0.24 | 10/15/2019 | $0.09 | 11/13/2019 | $0.08 |
| 9/17/2019 | $0.22 | 10/16/2019 | $0.09 | 11/14/2019 | $0.08 |
| 9/18/2019 | $0.20 | 10/17/2019 | $0.09 | 11/15/2019 | $0.08 |
| 9/19/2019 | $0.18 | 10/18/2019 | $0.08 | 11/18/2019 | $0.08 |
| 9/20/2019 | $0.17 | 10/21/2019 | $0.08 | 11/19/2019 | $0.08 |
| 9/23/2019 | $0.16 | 10/22/2019 | $0.08 | 11/20/2019 | $0.07 |
| 9/24/2019 | $0.15 | 10/23/2019 | $0.08 | 11/21/2019 | $0.07 |
| 9/25/2019 | $0.14 | 10/24/2019 | $0.08 | 11/22/2019 | $0.07 |
| 9/26/2019 | $0.13 | 10/25/2019 | $0.08 | 11/25/2019 | $0.07 |
| 9/27/2019 | $0.13 | 10/28/2019 | $0.08 | 11/26/2019 | $0.07 |
| 9/30/2019 | $0.13 | 10/29/2019 | $0.08 | 11/27/2019 | $0.07 |

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

| 10/1/2019 | $0.12 | 10/30/2019 | $0.08 | 11/29/2019 | $0.07 |
| 10/2/2019 | $0.12 | 10/31/2019 | $0.08 | 12/2/2019 | $0.07 |
| 10/3/2019 | $0.11 | 11/1/2019 | $0.08 | 12/3/2019 | $0.07 |

## ADDITIONAL PROVISIONS

50.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 53 below) is $10.00 or greater.

51.    If a Settlement Class Member has more than one purchase/acquisition or sale of ChinaCache ADRs, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings of ChinaCache ADRs at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition of ChinaCache ADRs made during the Settlement Class Period.

52.    A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Losses for all shares of ChinaCache ADRs purchased or acquired during the Settlement Class Period.

53.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

54.    Purchases or acquisitions and sales of ChinaCache ADRs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or

- 26 -

"payment" date. The receipt or grant by gift, inheritance or operation of law of ChinaCache Securities during the Settlement Class Period shall not be deemed a purchase or acquisition of ChinaCache ADRs for the calculation of an Authorized Claimant's Recognized Loss, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of ChinaCache ADRs unless (i) the donor or decedent purchased or otherwise acquired such stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

55. Notwithstanding any of the above, receipt of ChinaCache ADRs during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of ChinaCache ADRs.

56. The date of covering a "short sale" is deemed to be the date of purchase or acquisition of ChinaCache ADRs. The date of a "short sale" is deemed to be the date of sale of ChinaCache ADRs. Under the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a Claimant has an opening short position in ChinaCache ADRs, the earliest Settlement Class Period purchases or acquisitions of the stock shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

57. Option contracts are not securities eligible to participate in the Settlement. With respect to ChinaCache ADRs purchased or sold through the exercise of an option, the purchase/sale date of the stock is the exercise date of the option and the purchase/sale price of the stock is the closing price of ChinaCache ADRs on the date of exercise. Any Recognized Loss arising from purchases of ChinaCache ADRs acquired during the Settlement Class Period through the exercise of an option on ChinaCache ADRs[7] shall be computed as provided for other purchases of ChinaCache

---

[7] Including (1) purchases of ChinaCache ADRs as the result of the exercise of a call

ADRs in the Plan of Allocation.

58.     To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in ChinaCache ADRs during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall in any event be bound by the Settlement. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in ChinaCache ADRs during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

59.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in ChinaCache ADRs during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[8] and (ii) the sum of the Total Sales Proceeds[9] and Total Holding Value.[10] This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in ChinaCache ADRs during the Settlement Class Period.

---

option, and (2) purchases of ChinaCache ADRs by the seller of a put option as a result of the buyer of such put option exercising that put option.

[8] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all shares of ChinaCache ADRs purchased or acquired during the Settlement Class Period.

[9] The Claims Administrator shall match any sales of ChinaCache ADRs during the Settlement Class Period, first against the Claimant's opening position in ChinaCache ADRs (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of ChinaCache ADRs sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[10] The Claims Administrator shall ascribe a value of $0.07 per share of ChinaCache ADRs purchased or acquired during the Settlement Class Period and still held as of the close of trading on May 17, 2019 (the "Holding Value"). The total Holding Value for all ChinaCache ADRs purchased or acquired during the Settlement Class Period and still held as of the close of trading on May 17, 2019 shall be the Claimant's "Total Holding Value."

61.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund eight (8) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.

62.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiff, Plaintiff's Counsel, Plaintiff's damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiff, Defendants and their respective counsel, and all Settling Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement

- 29 -

Fund, or any losses incurred in connection therewith.

63.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiff after consultation with its damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www. chinacachesettlement.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
## HOW WILL THE LAWYERS BE PAID?

64.    Plaintiff's Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiff's Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 33.3% of the Settlement Fund plus interest. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses plus interest in an amount not to exceed $120,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiff directly related to its representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?  HOW DO I EXCLUDE MYSELF?

65.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or

- 30 -

entity mails or delivers a written Request for Exclusion from the Settlement Class to the following recipients: (i) *Likas v. ChinaCache International Holdings Ltd. et al.,* EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063 <u>and</u> (ii) both Lead Counsel and Defendants' Counsel, at the addresses set forth in ¶ 71 below. The exclusion request must be *received* no later than _____. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Likas v. ChinaCache International Holdings Ltd. et al.*, 2:19-cv-06942"; (c) identify and state the number of ChinaCache ADRs that the person or entity requesting exclusion purchased/acquired and/or sold during the period from April 10, 2015 through and including May 17, 2019, as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above or is otherwise accepted by the Court.

66.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Settling Defendants' Releasees.

67.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

68.   Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiff and

Defendants.

| WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT? |
| :---: |

69.     **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

70.     The Settlement Hearing will be held on _____ at __:__ _.m., before the Honorable John W. Holcomb at the United States District Court for the Central District of California, George E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th St., Riverside, CA 92501, Courtroom 2. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

71.     Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Central District of California at the address set forth below on or before _____. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers **are** *received* **on or before** _____.

**Clerk's Offfice**
United States
District Court for
the Central District
of California
Clerk of the Court
George E. Brown,
Jr. Federal Building
and United States
Courthouse,
3470 12th St.,
Riverside, CA
92501

**Lead Counsel**
**Pomerantz LLP**
Jeremy A. Lieberman
600 Third Avenue, 20th
Floor
New York, NY 10016

**Settling Defendants'**
**Counsel**
**Quinn Emanuel**
**Urquhart & Sullivan,**
**LLP**
Michael B. Carlinsky
51 Madison Avenue,
22nd Floor
New York, New York
10010

72.     Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of ChinaCache ADRs that the objecting Settlement Class Member purchased/acquired and/or sold during the period from April 10, 2015 through and including May 17, 2019, as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

73.     You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

74.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received*** **on or before** _____. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

75.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 71 above so that the notice is ***received*** **on or before** _____.

76.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

77.    Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

78.     If you purchased or otherwise acquired ChinaCache ADRs between April 10, 2015 and May 17, 2019, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of the letter, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners/purchasers and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners/purchasers; or (b) within seven (7) calendar days of receipt of the letter, provide a list of the names and addresses of all such beneficial owners/purchasers to *Likas v. ChinaCache International Holdings Ltd. et al.*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063; toll-free: (866) 274-4004; fax: (610) 565-7985 info@strategicclaims.net. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners/purchasers. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred in an amount not to exceed $0.15 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; or $0.05 per Notice Packet transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.chinacachesettlement.com, or by calling the Claims Administrator toll-free at 1-866-274-4004.

1
2

| CAN I SEE THE COURT FILE? |
| **WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |

79. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Central District of California, George E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th St., Riverside, CA 92501. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www. chinacachesettlement.com. All inquiries concerning this Notice and the Claim Form should be directed to:

***Likas v. ChinaCache International Holdings Ltd. et al.***
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P. O. Box 230
Media, PA 19063
Toll-Free: 1-866-274-4004
Fax: 610-565-7985
www. chinacachesettlement.com

and/or

Jeremy Lieberman, Esq.
Pomerantz LLP
600 Third Avenue, 20th Fl.
New York, New York 10016
212-661-1100
jalieberman@pomlaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL**

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

1    **REGARDING THIS NOTICE.**

2

3    Dated:_____, 20 _                    By Order of the Court

4                                             United States District Court
                                              CDCA
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT
FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT
OF LITIGATION EXPENSES

# EXHIBIT A-2

**Exhibit A-2**

# PROOF OF CLAIM FORM

## *Likas v. ChinaCache International Holdings Ltd. et al.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CASE NO. 2:19-cv-06942-JWH-SS

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF *LIKAS v. CHINACACHE INTERNATIONAL HOLDINGS LTD. ET AL.* CASE NO. 2:19-cv-06942-JWH-SS (THE "ACTION"), YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN** _____, TO THE FOLLOWING ADDRESS:

***Likas v. ChinaCache International Holdings Ltd. et al.***
**c/o Strategic Claims Services**
**600 N. Jackson St., Ste. 205**
**P.O. Box 230**
**Media, PA 19063**
**Fax: (610) 565-7985**
**www.chinacachesettlement.com**

ALTERNATIVELY, YOU MAY OBTAIN, COMPLETE, AND SUBMIT AN ELECTRONIC CLAIM **BY 11:59 P.M. EST ON _____, 2021** AT WWW.CHINACACHESETTLEMENT.COM.

CLAIM FORMS THAT ARE NOT MAILED BY PREPAID FIRST-CLASS MAIL AND/OR ARE RECEIVED WITH NO POSTMARK WILL BE DEEMED TO HAVE BEEN SUBMITTED ON THE DATE OF RECEIPT.

FAILURE TO SUBMIT YOUR CLAIM FORM AND THE REQUIRED SUPPORTING DOCUMENTATION BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECEIVE ANY MONEY IN CONNECTION WITH THE SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THIS ACTION, OR THEIR COUNSEL. SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AS SET FORTH ABOVE.**

**GENERAL INSTRUCTIONS**

1. Capitalized terms not defined in this Claim Form have the meanings ascribed to them in the Stipulation and Agreement of Settlement ("Stipulation"), and in the Notice that accompanies this Claim Form.

2. It is important that you completely read and understand the accompanying Notice. The Notice describes the proposed Settlement of the Action, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. By signing and submitting this Claim Form, you will be certifying that you have read and understand the Notice, including the Releases described therein and provided for herein.

3. This Claim Form is directed to all members of the "Settlement Class" defined below. The Settlement Class consists of the following, regardless of which state or country the person or entity may reside or be domiciled in:

all persons and entities who or which purchased or otherwise acquired ChinaCache Securities between April 10, 2015 and May 17, 2019, inclusive (the "Settlement Class Period") and were allegedly damaged thereby.

4. ChinaCache American Depositary Shares (also referred to as American Depositary Receipts) ("ADRs") are "ChinaCache Securities."  All persons and entities that are members of the Settlement Class are "Settlement Class Members."

5. Excluded from the Settlement Class are Defendants, the present and former Officers and directors of ChinaCache and any subsidiary thereof, and the Immediate Family members, legal representatives, heirs, successors or assigns of such excluded persons and any entity in which any such excluded person has or had a controlling interest during the Settlement Class Period.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.

6. To be potentially eligible to recover from the Net Settlement Fund, you must complete and sign this Claim Form, and submit your Claim Form to the Claims Administrator as instructed below.  If you fail to submit a properly completed and addressed Claim Form by the date specified below, your Claim may be rejected, and you may be precluded from receiving any recovery from the Net Settlement Fund created in connection with the Settlement of the Action.

7. Submission of this Claim Form, however, does not ensure that you will share in the Net Settlement Fund.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.

8. **YOU MUST MAIL OR SUBMIT YOUR COMPLETED AND SIGNED CLAIM FORM SO THAT IT IS POSTMARKED NO LATER THAN _____,TO THE FOLLOWING ADDRESS:**

> ***Likas v. ChinaCache International Holdings Ltd. et al.***
> **c/o Strategic Claim Services**
> **600 N. Jackson St., Ste. 205**
> **P.O. Box 230**
> **Media, PA 19063**
> **Fax: (610) 565-7985**
> **www.chinacachesettlement.com**

**ALTERNATIVELY, YOU MAY OBTAIN, COMPLETE, AND SUBMIT AN ELECTRONIC CLAIM BY 11:59 P.M. EST ON _____, 2021 AT WWW.CHINACACHESETTLEMENT.COM.**

9. To be considered timely, **your Claim Form must be mailed by first-class mail and postmarked, or submitted electronically, by the deadline above**.  Unless your Claim Form is submitted with a postmark by first-class mail, it will be deemed to have been submitted when actually received by the Claims Administrator.

10. Use the Schedule of Transactions in Part II of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of ChinaCache ADRs.  On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of ChinaCache ADRs, regardless of whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time period may result in the rejection of your Claim.

11. You must submit supporting documentation for the transactions reported in this Claim Form, such as broker confirmation slips, broker account statements, an authorized statement from your broker reporting information about your transactions, or other similar documents.  **The Parties and the Claims Administrator do not independently have information about your investments in ChinaCache ADRs.  If such documents are**

**not in your possession, please obtain copies or equivalent documents from your broker.  Failure to supply this documentation may result in the rejection of your claim.**  DO NOT SEND ORIGINAL DOCUMENTS.  Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.

12. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a Claim Form from joint owners should not include the transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity that includes all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

13. All joint beneficial owners must each sign this Claim Form, and their names must appear in Part I of this Claim Form.  If you purchased or otherwise acquired ChinaCache ADRs during the Settlement Class Period and held the ADRs in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If you purchased or otherwise acquired ChinaCache ADRs during the Settlement Class Period for your own benefit, but the ADRs was registered in the name of a third party, such as a nominee or brokerage firm, you are still the beneficial owner of these shares, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

14. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons and entities represented by them, and they must:

   a. expressly state the capacity in which they are acting;
   b. identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the ChinaCache ADRs; and
   c. furnish evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by brokers demonstrating only that they have discretionary authority to trade securities in another person/entity's accounts.)

15. By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  If you are NOT a Settlement Class Member, or are excluded from the definition of the Settlement Class, or if you, or someone acting on your behalf, submitted a request for exclusion from the Settlement Class in accordance with the instructions set forth in the Notice, DO NOT submit a Claim Form.  **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.**  Thus, if you are excluded from the Settlement Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

16. If you are a Settlement Class Member and you do not request exclusion from the Settlement Class pursuant to the instructions set forth in the Notice, you will be bound by the terms of the Settlement and any orders or judgments entered in this Action, **WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT**.

17. NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net.  Any file not submitted in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim number(s) and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission,

you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received and acceptable.

18. If you have questions concerning the Claim Form or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Strategic Claim Services, by writing to the above address, by calling the toll-free hotline at (866) 274-4004 or by sending an email to info@strategicclaims.net, or you may download the documents from www.chinacachesettlement.com.

19. **PLEASE NOTE: YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CONTACT THE CLAIMS ADMINISTRATOR.**

# I. CLAIMANT IDENTIFICATION

The Claims Administrator will use the information supplied below for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

**A.**  **Select one of the options listed below to indicate the type of claimant:**

☐ Individual(s)  ☐ IRA  ☐ Estate  ☐ Trust  ☐ UGMA Custodian

☐ Corporation  ☐ Partnership  ☐ Other (please specify): [_____]

**B.**  **Please provide the required information below for the beneficial owner(s) of the ChinaCache ADRs claimed on this Claim Form. If this account is an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA account, please include "IRA" in the "Last Name" box below (e.g., Jones IRA). If the beneficial owner is an entity (i.e. a corporation, trust, estate, etc.) or this Claim Form is being completed by a representative of the beneficial owner, as outlined in paragraph 14 above, you must also include the entity name (if applicable) and the name of the representative or custodian.**

Name (beneficial owner)

[_____]

Name (joint beneficial owner, if applicable)

[_____]

Entity Name

[_____]

Name of Representative or Custodian, if applicable (executor, administrator, trustee, c/o, etc.)

[_____]

**C.** **Mailing/Account Information**

Mailing Address – Line 1: Street Address/P.O. Box

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number

City

State/Province

Zip/Postal Code

Country

Last 4 digits of Claimant Social Security/Taxpayer Identification Number[1]

Daytime Telephone Number

Evening Telephone Number

Email Address (an email address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

---

[1] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

# II. SCHEDULE OF TRANSACTIONS IN CHINACACHE ADRS

Please be sure to include proper documentation with your Claim Form as described in detail in paragraph 11 of the General Instructions above.  Do not include information regarding securities other than ChinaCache ADRs.

| | |
|---|---|
| 1. **BEGINNING HOLDINGS OF CHINACACHE ADRS** – State the total number of shares of ChinaCache ADRs held as of the close of trading on April 9, 2015 (must be documented).  If none, write "zero" or "0." | Proof of Position Enclosed  ☐ Y  ☐ N |

| | |
|---|---|
| 2. **PURCHASES/ACQUISITIONS OF CHINACACHE ADRS ON THE OPEN MARKET DURING THE PERIOD FROM APRIL 10, 2015 THROUGH AND INCLUDING DECEMBER 3, 2019** – Separately list below each and every purchase/acquisition (including free receipts) of ChinaCache ADRs on the open market from the opening of trading on April 10, 2015 through and including the close of trading on December 3, 2019 (must be documented)[2][3]. | **IF NONE, CHECK HERE**  ☐ |

| Date of Purchase / Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased / Acquired | Purchase / Acquisition Price Per Share | Total Purchase / Acquisition Price (excluding all fees, taxes, and commissions) | Proof of Purchase / Acquisition Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ Y  ☐ N |
| /    / | | $ | $ | ☐ Y  ☐ N |
| /    / | | $ | $ | ☐ Y  ☐ N |
| /    / | | $ | $ | ☐ Y  ☐ N |
| /    / | | $ | $ | ☐ Y  ☐ N |
| /    / | | $ | $ | ☐ Y  ☐ N |
| /    / | | $ | $ | ☐ Y  ☐ N |

---

[2] **Please note:** Information requested with respect to your purchases/acquisitions of ChinaCache ADRs from after the opening of trading on May 17, 2019 through and including December 3, 2019 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

[3] Trading in ChinaCache ADRs was halted from May 17, 2019 at 11:12:36 a.m. ET, through September 6, 2019. Pursuant to the PSLRA Look Back Period mentioned in footnote __ on page __ of the Notice, and in order to calculate your recognized loss as mentioned above, your claim must including information regarding your transactions in ChinaCache ADRs for the 90 days after trading resumed on September 7, 2019.

| 3. **SALES OF CHINACACHE ADRS DURING THE PERIOD FROM APRIL 10, 2015 THROUGH AND INCLUDING DECEMBER 3, 2019** – Separately list each and every sale/disposition (including free deliveries) of ChinaCache ADRs from the opening of trading on APRIL 10, 2015 through and including the close of trading on December 3, 2019 (must be documented). | | | | **IF NONE, CHECK HERE** ☐ |
|---|---|---|---|---|
| **Date of Sale (List Chronologically) (Month/Day/Year)** | **Number of Shares Sold** | **Sale Price Per Share** | **Total Sale Price (excluding all fees, taxes, and commissions)** | **Proof of Sale Enclosed** |
| /    / | | $ | $ | ☐ Y   ☐ N |
| /    / | | $ | $ | ☐ Y   ☐ N |
| /    / | | $ | $ | ☐ Y   ☐ N |
| /    / | | $ | $ | ☐ Y   ☐ N |
| /    / | | $ | $ | ☐ Y   ☐ N |
| /    / | | $ | $ | ☐ Y   ☐ N |
| /    / | | $ | $ | ☐ Y   ☐ N |

| 4. **HOLDINGS** – State the total number of shares of ChinaCache ADRs held as of the close of trading on December 3, 2019 (must be documented).  If none, write "zero" or "0." | Proof of Position Enclosed ☐ Y   ☐ N |
|---|---|
| | |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX ☐**

# III. RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE CERTIFICATION SET FORTH BELOW AND
SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, attorneys, heirs, executors, and administrators in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against the Defendants and the Defendants' Releasees (as defined in the Stipulation and in the Notice), and shall be (a) permanently and forever enjoined from instituting, commencing or prosecuting, in any capacity, any and all Released Plaintiff's Claims against any of the Defendants' Releasees; and (b) deemed to permanently covenant to refrain from instituting, commencing or prosecuting, in any capacity, any and all Released Plaintiff's Claims against any of the Defendants' Releasees.

# CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Stipulation and the terms of the Plan of Allocation;

2. that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice and in paragraph 3 on page __ of this Claim Form, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice and in paragraph 5 on page __ of this Claim Form;

3. that the Claimant did **not** submit a request for exclusion from the Settlement Class in accordance with the instructions set forth in the Notice;

4. that I (we) own(ed) the ChinaCache ADRs identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the Claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions of ChinaCache ADRs and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6. that the Claimant(s) has (have) not already submitted to binding arbitration and is (are) not a party to any other lawsuit concerning Claimant's (Claimants') interest in ChinaCache ADRs;

7. that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein;

8. that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the

Claims Administrator or the Court may require;

9. that the Claimant(s) waive(s) the right to trial by jury, to the extent any such right may exist, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

10. that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

11. that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Executed this _____ day of _____ in _____
                              (Month/Year)                           (City/State/Country)


_____          _____
(Sign your name here)                                             (Sign your name here)


_____          _____
(Type or print your name here)                               (Type or print your name here)


_____          _____
Capacity of person signing on behalf of          Capacity of person signing on behalf of
Claimant, if other than an individual, *e.g.*,    Claimant, if other than an individual, *e.g.*,
executor, president, trustee, custodian, etc.     executor, president, trustee, custodian, etc.
(must provide evidence of authority to act on     (must provide evidence of authority to act on
behalf of Claimant – see paragraph 14 on          behalf of Claimant – see paragraph 14 on
page __ of this Claim Form.)                       page __ of this Claim Form.)

# IV. REMINDER CHECKLIST

 **Please sign the above release and certification.**  If this Claim Form is being made on behalf of joint claimants, then both must sign.

 Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

 Please do not highlight any portion of the Claim Form or any supporting documents.

 Keep copies of the completed Claim Form and documentation for your own records.

 The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT 1-866-274-4004.**

 If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

 If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or by toll-free phone at 1-866-274-4004, or you may visit www.chinacachesettlement.com. **Please DO NOT call the Defendants or their Counsel with questions regarding your claim.**

THIS CLAIM FORM MUST BE SUBMITTED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL SO THAT IT IS **POSTMARKED NO LATER THAN _____, 2021**, ADDRESSED AS FOLLOWS:

> *Likas v. ChinaCache International Holdings Ltd. et al.*
> **c/o Strategic Claim Services**
> **600 N. Jackson St., Ste. 205**
> **P.O. Box 230**
> **Media, PA 19063**
> **Fax: (610) 565-7985**
> **www.chinacachesettlement.com**

**ALTERNATIVELY, YOU MAY OBTAIN, COMPLETE, AND SUBMIT AN ELECTRONIC CLAIM BY 11:59 P.M. EST ON _____, 2021 AT WWW.CHINACACHESETTLEMENT.COM.**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, is indicated on the envelope and it is mailed First Class, and addressed

in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the submitted Claim Forms and to administer the Settlement.  This work will be completed as promptly as time permits.  Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT A-3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A-3**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM LIKAS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINACACHE INTERNATIONAL HOLDINGS LTD., SONG WANG, GUANGSHENG MENG, FENGYE GAO, and JING AN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No.: 2:19-cv-06942-JWH-SS |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:** **All persons and entities who, during the period between April 10, 2015 and May 17, 2019, inclusive, purchased or otherwise acquired ChinaCache International Holdings Ltd. ("ChinaCache") American Depositary Shares (also referred to as American Depositary Receipts) and were allegedly damaged thereby (the "Settlement Class")**

1   **PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE**

2   **AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

3

4         YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of

5   Civil Procedure and an Order of the United States District Court for the Central District

6   of California, that the above-captioned litigation (the "Action") has been certified as a

7   class action on behalf of the Settlement Class, except for certain persons and entities

8   who are excluded from the Settlement Class by definition as set forth in the full printed

9   Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement

10   Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and

11   Reimbursement of Litigation Expenses (the "Notice").

12         YOU ARE ALSO NOTIFIED that Plaintiff in the Action has reached a proposed

13   settlement of the Action for $1,800,000 in cash (the "Settlement"), that, if approved,

14   will resolve all claims in the Action.

15         A hearing will be held on _____ at _____.m., before the Honorable John

16   W. Holcomb at the United States District Court for the Central District of California,

17   George E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th St.,

18   Riverside, CA 92501, Courtroom 2, to determine (i) whether the proposed Settlement

19   should be approved as fair, reasonable, and adequate; (ii) whether the Action should be

20   dismissed with prejudice against Defendants, and the Releases specified and described

21   in the Stipulation and Agreement of Settlement dated _____, 2020 (and in the

22   Notice) should be granted; (iii) whether the proposed Plan of Allocation should be

23   approved as fair and reasonable; and (iv) whether Lead Counsel's application for an

24   award of attorneys' fees and reimbursement of expenses and Plaintiff's reimbursement

25   for their time and expenses should be approved. The Court reserves the right to hold

26   the Settlement Hearing telephonically or by other virtual means.

27         If you are a member of the Settlement Class, your rights will be affected by the

28   pending Action and the Settlement, and you may be entitled to share in the Settlement

Fund. If you have not yet received the Notice and Proof of Claim Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at *Likas v. ChinaCache International Holdings Ltd. et al.*,  c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063, toll-free number: (866) 274-4004, Fax: (610) 565-7985, email: info@strategicclaims.net. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.chinacachesettlement.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form to the Claims Administrator *postmarked* no later than _____ or submitted electronically by 11:59 p.m. EST on _____, 2020. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____ by the Claims Administrator, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses and reimbursement to Plaintiff, must be filed with the Clerk of the Court and delivered to Lead Counsel and Settling Defendants' Counsel such that they are *received* no later than _____:

SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

| **Clerk's Offfice** | **Lead Counsel** | **Settling Defendants' Counsel** |
|---|---|---|
| United States District Court for the Central District of California Clerk of the Court George E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th St., Riverside, CA 92501 | Pomerantz LLP Jeremy A. Lieberman, Esq. 600 Third Avenue, 20th Floor New York, NY 10016 | Quinn Emanuel Urquhart & Sullivan, LLP Michael B. Carlinsky 51 Madison Avenue, 22nd Floor New York, New York 10010 |

**Please do not contact the Court, the Clerk's office, ChinaCache, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

POMERANTZ LLP
Jeremy Lieberman, Esq.
600 Third Ave., 20th Floor
New York, NY 10016
212-661-1100
jalieberman@pomlaw.com

Requests for the Notice and Claim Form should be made to:

*Likas v. ChinaCache International Holdings Ltd. et al.*
c/o
Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Toll-free number: 866-274-4004
Fax: 610-565-7985
www.chinacachesettlement.com

By Order of the Court

- 4 -