**POMERANTZ LLP**
Jeremy A. Lieberman (admitted *pro hac vice*)
Brenda Szydlo (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile: 917-463-1044
Email: jalieberman@pomlaw.com
Email: bszydlo@pomlaw.com

*Counsel for Lead Plaintiff and*
*the Proposed Settlement Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LIKAS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CHINACACHE INTERNATIONAL HOLDINGS LTD., SONG WANG, GUANGSHENG MENG, FENGYE GAO, and JING AN, <br><br> Defendants. | No.: 2:19-cv-06942-JWH-SS <br> <u>CLASS ACTION</u> <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTIONS FOR (1) FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION, AND FINAL CERTIFICATION OF SETTLEMENT CLASS; AND (2) ATTORNEYS' FEES AND EXPENSES, AND AWARDS TO PLAINTIFF** <br><br> Date: September 3, 2021 <br><br> Time: 9:00 a.m. <br> Courtroom: 2 <br> Judge: Hon. John W. Holcomb |

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF
PLAINTIFF'S MOTIONS FOR (1) FINAL APPROVAL OF SETTLEMENT AND PLAN OF
ALLOCATION, AND FINAL CERTIFICATION OF SETTLEMENT CLASS; AND (2)
ATTORNEYS' FEES AND EXPENSES, AND AWARDS TO PLAINTIFF

Lead Plaintiff The ChinaCache Investor Group (consisting of plaintiffs Jingwen Zhang and Bingyang Cheng, hereinafter "Plaintiff") submit this reply memorandum in further support of its motions for (1) final approval of the Settlement and Plan of Allocation, and final certification of the Settlement Class; and (2) an award of attorneys' fees, reimbursement of expenses, and an award to Plaintiff.[1] A [Proposed] Order and Final Judgment Approving Class Action Settlement, Attorneys' Fees, Expenses, And Awards To Plaintiff is attached as Exhibit 1 to the Supplemental Declaration of Brenda Szydlo in Further Support of Plaintiff's Motions for (1) Final Approval of Proposed Class Action Settlement; and (2) Attorneys' Fees, Reimbursement of Expenses, and Awards to Plaintiff ("Supp. Szydlo Dec.").

## I.   The Claims Administrator Provided Notice of the Settlement to Over Twenty Thousand Potential Settlement Class Members

The Claims Administrator, Strategic Claims Services ("SCS"), mailed 23,337 Notice and Claim Forms and emailed two links for the Notice and Claim Form to potential Settlement Class Members. Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing of the Notice and Claim Form; and (B) Report on Requests for Exclusions and Objections ("Supp. Bravata  Dec.") ¶3.[2] Additionally, SCS was notified by one of the nominees that it emailed a total of 10,895 of its customers to notify them of this settlement and provide direct links to the Notice and Claim Form on the settlement website. Bravata Dec. (Dkt. No. 89-1)  ¶7. SCS has been notified by the same Nominee Account Holder that it emailed an additional 49 of its customers

[1] Unless otherwise defined herein, capitalized terms take the same meaning provided in the Stipulation and Agreement of Settlement dated December 15, 2020 ("Settlement" or "Stipulation") (Dkt. No. 75-1). Internal citations and quotations are omitted and emphasis is added unless otherwise noted.

[2] Plaintiff attaches the Supp. Bravata Dec. as Exhibit 2 to the Supp. Szydlo Dec.

- 1 -

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTIONS FOR (1) FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION, AND FINAL CERTIFICATION OF SETTLEMENT CLASS; AND (2) ATTORNEYS' FEES AND EXPENSES, AND AWARDS TO PLAINTIFF**

and so a total of 10,944 of these customers were emailed a direct link to the Notice and Claim Form. Supp. Bravata Sec. ¶4. SCS also sent the Depository Trust Company ("DTC") a Notice and Claim Form for the DTC to publish on its Legal Notice System ("LENS") on May 12, 2021. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted. Bravata Dec. ¶8.

SCS also disseminated the Summary Notice electronically over *Investor's Business Daily* and transmitted once over the *PR Newswire* on June 7, 2021. *Id*. ¶10. On May 13, 2021, SCS established a website dedicated to the Settlement which included the online claim filing page, a nominees page; and a contact us page and important documents including the Notice and Claim Form, Preliminary Approval Order, and Stipulation. *Id*. ¶12. SCS has also maintained a toll-free telephone number for potential Settlement Class Members. *Id*. ¶11.

Since the Bravata Dec., an additional 257 Notice and Claim Forms were returned. Of these, the United States Postal Service provided forwarding addresses for 5, and SCS immediately mailed another Notice and Claim Form to the updated addresses. The remaining 252 Notice and Claim Forms returned as undeliverable were corrected to obtain updated addresses and 197 were re-mailed to updated addresses. Supp. Bravata Dec. ¶5

The August 6, 2021 deadline for objections and exclusions has passed. To date, SCS has received one request for exclusion and no objections. The exclusion request did not contain the required transaction information to be a valid exclusion. SCS notified the individual of the required information, but to date, SCS has not received a response. Bravata Dec. ¶¶13-14. Supp. Bravata Dec. ¶¶8-9.

- 2 -

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTIONS FOR (1) FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION, AND FINAL CERTIFICATION OF SETTLEMENT CLASS; AND (2) ATTORNEYS' FEES AND EXPENSES, AND AWARDS TO PLAINTIFF**

## II.    The Reaction of the Settlement Class Supports Final Approval

### A.    The Lack of Objections or Valid Requests for Exclusion Supports Final Approval of the Settlement

The absence of any objections to the Settlement or Plan of Allocation supports their approval. *Nat'l Rural Telecomm'cns Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) (finally approving settlement, finding "[t]he absence of a single objection to the Proposed Settlement provides further support for final approval of the Proposed Settlement."); *In re Rambus Inc. Derivative Litig.*, No. C 06-3513 JF (HRL), 2009 WL 166689, at *3 (N.D. Cal. Jan. 20, 2009) (finally approving settlement, awarding attorneys' fees, finding absence of objections "raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"). Likewise, the absence of any valid requests for exclusion from the Settlement further demonstrates the Settlement Class's positive reaction to the Settlement and supports final approval. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (affirming final approval of settlement, noting "that the overwhelming majority of the class … stayed in the class presents at least some objective positive commentary as to its fairness."), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming district court's final approval of settlement, finding that there was only one opt-out supported the district court's approval of settlement).

At Plaintiff's Counsel's direction, the Claims Administrator carried out a thorough notice program in accordance with the Court's Preliminary Approval Order, notifying over twenty thousand potential Settlement Class Members of the pending Settlement. Not a single investor objected to the Settlement or submitted a valid request for exclusion from it. The lack of objections or valid requests for exclusion further supports final approval.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTIONS FOR (1) FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION, AND FINAL CERTIFICATION OF SETTLEMENT CLASS; AND (2) ATTORNEYS' FEES AND EXPENSES, AND AWARDS TO PLAINTIFF**

**B.    The Lack of Objections or Valid Requests for Exclusion Support Awarding the Requested Attorneys' Fees and Expenses and Awards to Plaintiff**

A lack of objections to fee and expense requests also supports the appropriateness of the award of attorneys' fees, reimbursement of expenses, and awards to Plaintiff. *See, e.g., In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("The lack of objection from any Class Member supports the attorneys' fees award"). Here, not a single Settlement Class Member has objected to Lead Counsel's requests for an award of attorneys' fees, reimbursement of expenses, and awards to Plaintiff. Accordingly, the Settlement Class's reaction strongly supports the fairness and reasonableness of these requests.

## III.    CONCLUSION

For the foregoing reasons, and those set forth in Plaintiff's opening memoranda, Plaintiff respectfully submits that (1) the Settlement and Plan of Allocation are fair, reasonable, and adequate; (2) the Final Approval Motion should be granted in full; (3) the Court should approve the application for an award of attorneys' fees of 33.3% of the Settlement Amount, or $599,400, plus interest, and reimbursement of expenses incurred of $67,262.89, plus interest; (4) the Court should approve Awards to each of the two plaintiffs in the The ChinaCache Investor Group of $2,500, or $5,000 in total; and (5) the Court should enter the [Proposed] Order and Final Judgment Approving Class Action Settlement, Attorneys' Fees, Expenses, and Awards to Plaintiff.[3]

---

[3] The Settlement is conditioned on the occurrence of the entry of the [Proposed] Order and Final Judgment Approving Class Action Settlement, Attorneys' Fees, Expenses, and Awards to Plaintiff. *See* Settlement ¶¶ 1(v), 30, 31(e), 34. The [Proposed] Order and Final Judgment Approving Class Action Settlement, Attorneys' Fees, Expenses, and Awards to Plaintiff is attached as Exhibit 1 to the Supp. Szydlo Dec.

- 4 -

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTIONS FOR (1) FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION, AND FINAL CERTIFICATION OF SETTLEMENT CLASS; AND (2) ATTORNEYS' FEES AND EXPENSES, AND AWARDS TO PLAINTIFF**

Dated: August 23, 2021

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Brenda Szydlo*

Jeremy A. Lieberman (admitted *pro hac vice*)
Brenda Szydlo (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile: 917-463-1044
Email: jalieberman@pomlaw.com
Email: bszydlo@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile: 312-377-1184
Email: pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff and the Proposed Settlement Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684

- 5 -

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTIONS FOR (1) FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION, AND FINAL CERTIFICATION OF SETTLEMENT CLASS; AND (2) ATTORNEYS' FEES AND EXPENSES, AND AWARDS TO PLAINTIFF**

Email: lrosen@rosenlegal.com

*Additional Counsel for Lead Plaintiff*

- 6 -
**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTIONS FOR (1) FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION, AND FINAL CERTIFICATION OF SETTLEMENT CLASS; AND (2) ATTORNEYS' FEES AND EXPENSES, AND AWARDS TO PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/Brenda Szydlo
Brenda Szydlo

- 7 -

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTIONS FOR (1) FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION, AND FINAL CERTIFICATION OF SETTLEMENT CLASS; AND (2) ATTORNEYS' FEES AND EXPENSES, AND AWARDS TO PLAINTIFF**