# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM LIKAS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CHINACACHE INTERNATIONAL HOLDINGS LTD., SONG WANG, GUANGSHENG MENG, FENGYE GAO, and JING AN, <br><br> Defendants. | No.: 2:19-cv-06942-JWH-SS <br><br> **[PROPOSED] ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT, ATTORNEYS' FEES, EXPENSES, AND AWARDS TO PLAINTIFF** |

WHEREAS, a class action is pending in this Court entitled *Likas v. ChinaCache International Holdings Ltd. et al.*, 2:19-cv-06942-JWH-SS (the "Action");

WHEREAS, (a) Lead Plaintiff The ChinaCache Investor Group (consisting of plaintiffs Jingwen Zhang and Bingyang Cheng) ("Plaintiff"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendants ChinaCache International Holdings Ltd. ("ChinaCache") and Jing An (with ChinaCache, the "Settling Defendants"), have entered into a Stipulation and Agreement of Settlement dated December 15, 2020 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against all defendants ("Defendants") and the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

- 1 -

WHEREAS, unless otherwise defined in this Order and Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated April 26, 2021 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____, 2021 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  **Jurisdiction** - The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.  **Incorporation of Settlement Documents** - This Order and Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on December 15, 2020; and (b) the Notice and the Summary Notice, both of which were filed with the Court on December 15, 2020.

- 2 -

3. **<u>Class Certification for Settlement Purposes</u>** - The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired shares of ChinaCache American Depositary Shares (also referred to as American Depositary Receipts) ("ADRs") between April 10, 2015 and May 17, 2019, inclusive (the "Settlement Class Period") and were allegedly damaged thereby. Excluded from the Settlement Class are Defendants, the present and former Officers and directors of ChinaCache and any subsidiary thereof, and the Immediate Family members, legal representatives, heirs, successors or assigns of such excluded persons and any entity in which any such excluded person has or had a controlling interest during the Settlement Class Period. [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto.]

4. **<u>Adequacy of Representation</u>** - Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Jingwen Zhang and Bingyang Cheng (who together are Plaintiff The ChinaCache Investor Group), as Class Representative for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **<u>Notice</u>** - The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the

- 3 -

circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder), (iii) Lead Counsel's motion for an award of attorneys' fees with interest and reimbursement of Litigation Expenses, (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees with interest and reimbursement of Litigation Expenses, (v) their right to exclude themselves from the Settlement Class, and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6.      **Final Settlement Approval and Dismissal of Claims** - Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.      The Action and all of the claims asserted against Defendants in the Action by Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.      **Binding Effect** - The terms of the Stipulation and of this Order and Judgment shall be forever binding on Defendants, Plaintiff and all other Settlement

- 4 -

Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Order and Judgment.]

9. **Releases** - The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, attorneys, heirs, executors, and administrators in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against Defendants and Defendants' Releasees, shall be permanently and forever enjoined from instituting, commencing or prosecuting, in any capacity, any and all of the Released Plaintiff's Claims against any of Defendants' Releasees, and shall be deemed to permanently covenant to refrain from instituting, commencing or prosecuting, in any capacity, any and all of the Released Plaintiff's Claims against any of Defendants' Releasees. This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(mm) of the Stipulation.

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective current and former officers, directors, agents, parents, affiliates,

- 5 -

subsidiaries, successors, predecessors, assigns, assignees, employees, attorneys, heirs, executors, and administrators in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Plaintiff and Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of Released Defendants' Claims against any of Plaintiff's Releasees. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10.    Notwithstanding paragraphs 9(a) - (b) above, nothing in this Order and Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Order and Judgment.

11.    **Rule 11 Findings** - The Court finds and concludes that the Plaintiff and Settling Defendants and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.    **Plan of Allocation Approval** - The Court finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation submitted by Lead Counsel, as described in the Notice and in accordance with paragraph 1(ii) of the Stipulation, is hereby approved as fair, reasonable and adequate. Any further orders or proceedings solely regarding the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall be considered separate and apart from this Order and Judgment and shall not operate to terminate the Settlement or in any way disturb or affect this Order and Judgment, the finality of this Order and Judgment, or the release of the Released Claims. Any orders regarding the Plan of Allocation shall not affect or delay the Effective Date of the Settlement.

13.    **No Admissions** - Neither this Order and Judgment, the Memorandum of

- 6 -

Understanding, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Memorandum of Understanding and the Stipulation, nor any proceedings taken pursuant to or in connection with the Memorandum of Understanding, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of Defendants or Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind on the part of any of Defendants or Defendants' Releasees or in any way referred to for any other reason as against any of Defendants or Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of Plaintiff's Releasees that any of their claims are without merit, that any of Defendants or Defendants' Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

- 7 -

[PROPOSED] ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT, ATTORNEYS' FEES, EXPENSES, AND AWARDS TO PLAINTIFF

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Order and Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14.    **Retention of Jurisdiction** - Without affecting the finality of this Order and Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15.    **Modification of the Agreement of Settlement** - Without further approval from the Court, the Plaintiff and Settling Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order and Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.    **Lead Counsel's Attorney Fees and Expenses** - The Court hereby awards Lead Counsel attorneys' fees in the amount of _____% of the Settlement Fund, plus interest, and expenses in an amount of $ _____, plus interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund

- 8 -

[PROPOSED] ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT, ATTORNEYS' FEES, EXPENSES, AND AWARDS TO PLAINTIFF

until paid. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Settlement Class. Said fees shall be allocated among any other plaintiffs' counsel in a manner which, in Lead Counsel's good-faith judgment, reflects each counsel's contribution to the institution, prosecution, and resolution of the Litigation.

17.    **Plaintiff's Expenses Related to Representation of the Settlement Class** The Court hereby awards Jingwen Zhang her reasonable costs and expenses (including lost wages) directly related to her representation of the Settlement Class in the amount of $_____. The Court hereby awards Bingyang Cheng his reasonable costs and expenses (including lost wages) directly related to his representation of the Settlement Class in the amount of $_____.

18.    The awarded attorneys' fees and expenses, and interest earned thereon, as well as any costs or expenses awarded pursuant to the previous paragraph, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Order and Judgment is executed subject to the terms, conditions, and obligations of the Stipulation. Any awards of attorneys' fees and expenses, as well as any costs or expenses awarded pursuant to the previous paragraph, shall in no way affect or delay the finality of this Order and Judgment and shall not affect or delay the Effective Date of the Settlement.

19.    **Termination of Settlement** - If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Order and Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order and Judgment shall be without prejudice to the rights of Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in

- 9 -

[PROPOSED] ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT, ATTORNEYS' FEES, EXPENSES, AND AWARDS TO PLAINTIFF

the Action as of October 28, 2020, as provided in the Stipulation.

20. **Entry of Final Judgment** - There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____day of_____, 20__

_____
The Honorable John W. Holcomb
United States District Judge

- 10 -

[PROPOSED] ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT, ATTORNEYS' FEES, EXPENSES, AND AWARDS TO PLAINTIFF

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**

*No Valid Exclusions*

[PROPOSED] ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT, ATTORNEYS' FEES, EXPENSES, AND AWARDS TO PLAINTIFF