**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM LIKAS, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>CHINACACHE INTERNATIONAL HOLDINGS LTD., SONG WANG, GUANGSHENG MENG, FENGYE GAO, and JING AN,<br><br>      Defendants. | No.: 2:19-cv-06942-JWH-SS<br><br>**CLASS ACTION**<br><br>Date: June 3, 2022<br>Time: 9:00 a.m.<br>Courtroom: 2<br>Judge: Hon. John W. Holcomb |

**NOTICE OF PLAINTIFF'S MOTION**
**FOR AUTHORIZATION TO DISTRIBUTE NET SETTLEMENT FUND**

PLEASE TAKE NOTICE that, upon the accompanying Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (the "Bravata Declaration") submitted by the Court-approved Claims Administrator, Strategic Claims Services ("SCS" or "Claims Administrator"), and the Memorandum in Support of Plaintiff's Motion for Authorization to Distribute Net Settlement Fund, Lead Plaintiff The ChinaCache Investor Group, consisting of Plaintiffs Jingwen Zhang and Bingyang Cheng ("Plaintiff"), through its counsel, will and hereby does move this Court for entry of the accompanying Proposed Order Granting Authorization to Distribute the Net Settlement Fund.  That order will, *inter alia*: (1) approve SCS's administrative recommendations accepting and rejecting Proofs of Claim Forms submitted in this Action; (2) direct the distribution of 100% of the Net Settlement Fund to Authorized Claimants whose Claims have been accepted as valid and approved by the Court; (3) direct that distribution checks state "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE"; (4) direct that Authorized Claimants will forfeit all recovery from the Settlement if they fail to deposit or cash their distribution checks in a timely manner; (5) adopt the recommended plan for any funds remaining following the distribution; (6) release claims related to the claims administration process; and (7) provide that the Court retains jurisdiction to

consider any further applications concerning the administration of the Settlement, and such other and further relief as the Court deems appropriate.

The Proposed Order Granting Authorization to Distribute the Net Settlement Fund is filed concurrently herewith.

Dated: May 4, 2022

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Brenda Szydlo*
Jeremy A. Lieberman (admitted *pro hac vice*)
Brenda Szydlo (admitted *pro hac vice*)
Villi Shteyn (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
Email: bszydlo@pomlaw.com
Email: vshteyn@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Counsel for Lead Plaintiff and the Proposed Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN 219683)

355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**THE ROSEN LAW FIRM, P.A.**
Jing Chen
275 Madison Avenue, 40th Fl.
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jchen@rosenlegal.com

*Additional Counsel for Lead Plaintiff*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on 4th day of May, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/Brenda Szydlo*
Brenda Szydlo