# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

WILLIAM LIKAS, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

CHINACACHE INTERNATIONAL HOLDINGS LTD., SONG WANG, GUANGSHENG MENG, FENGYE GAO, and JING AN,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No.: 2:19-cv-06942-JWH-SS

**CLASS ACTION**

## ORDER GRANTING AUTHORIZATION TO DISTRIBUTE THE NET SETTLEMENT FUND

The ChinaCache Investor Group, the Court-appointed Lead Plaintiff consisting of Plaintiffs Jingwen Zhang and Bingyang Cheng ("Plaintiff"), through its counsel, moved this Court for an order approving the Distribution Plan in the above-captioned class action (the "Action"). Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (the "Bravata Declaration");

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated December 15, 2020 (ECF No. 75-1) (the "Stipulation") and the May 4, 2022 Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (the "Bravata Declaration"), and all terms used herein shall have the same meanings as set forth in the Stipulation and the Bravata Declaration.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      The proposed plan for distributing the Net Settlement Fund (the "Distribution Plan") as set forth in the Bravata Declaration to Authorized Claimants is **APPROVED**.

Accordingly:

(a)      The administrative recommendations of the Court-approved Claims Administrator, Strategic Claims Services ("SCS" or "Claims Administrator") to accept the Timely Eligible Claims set forth in Exhibit B-1 to the Bravata Declaration and the Late But Otherwise Eligible Claims set forth in Exhibit B-2 to the Bravata Declaration, are adopted;

(b)      The Claims Administrator's administrative recommendations to reject the inadequately documented claims that have not been successfully

1

cured and wholly ineligible Claims as set forth in Exhibits D and E to the Bravata Declaration are adopted;

(c)     SCS is directed to distribute 100% of the Net Settlement Fund, after deducting all payments previously allowed and the payments approved by the Court in this Order, and after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, to Authorized Claimants who would receive at least $10.00 based on their *pro rata* share of the Net Settlement Fund, which is based on each Authorized Claimant's Recognized Claim as compared to the Total Recognized Claims of all Authorized Claimants as set forth in paragraph 9(a)-(b) of the Bravata Declaration (the "Distribution") and the Court-approved Plan of Allocation;

(d)     In order to encourage Authorized Claimants to promptly cash their checks, all Distribution checks shall bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE";

(e)     Authorized Claimants who do not cash their Distribution checks within the time allotted shall irrevocably forfeit all recovery from the Settlement unless good cause is shown, and the funds allocated to all such stale-dated checks shall be available to be re-distributed to other Authorized Claimants, if Lead Counsel, in consultation with SCS, determine that it is cost-

Order Granting Authorization to Distribute – No. 2:19-cv-06942-JWH-SS

effective to conduct a second distribution. Similarly, Authorized Claimants who do not cash their second or subsequent distributions (should such distributions occur) within the time allotted shall irrevocably forfeit any further recovery from the Net Settlement Fund unless good cause is shown;

(f) After SCS has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution checks, but no earlier than eight (8) months after the Distribution, SCS shall, if Lead Counsel, in consultation with SCS, determine that it is cost effective to do so, conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), in which any amounts remaining in the Net Settlement Fund after the Distribution, after deducting SCS's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be distributed to all Authorized Claimants in the Distribution who cashed their Distribution check and who would receive at least $10.00 from such re-distribution based on their *pro rata* share of the remaining funds. Additional re-distributions, after deduction of costs and expenses as described above and subject to the same conditions,

3

may occur until Lead Counsel, in consultation with SCS, determine that further re-distribution is not cost effective;

(g)     No new Claims shall be accepted after April 6, 2022, and no further adjustments to Claims received on or before April 6, 2022 that would result in an increased recognized claim amount shall be made for any reason after April 6, 2022, subject to the following exception.  If Proofs of Claim are received or modified after April 6, 2022 that would have been eligible for payment or additional payment under the Plan of Allocation if timely received then, at the time that Lead Counsel, in consultation with SCS determines that a re-distribution is not cost effective as provided in subparagraph (f) above, after the payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, such claimants, at the discretion of Lead Counsel, may be paid their distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks to the extent possible.  No responses to deficiency and/or rejection notices received after May 3, 2022 shall be accepted;

Order Granting Authorization to Distribute – No. 2:19-cv-06942-JWH-SS

(h)     All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim Forms submitted in this Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further Claims against the Net Settlement Fund, Plaintiff, Lead Counsel, Additional Counsel, Plaintiff's damages expert, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released pursuant to the Settlement beyond the amounts allocated to Authorized Claimants;

4.      This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

5

IT IS SO ORDERED.

DATED: _____, 2022

_____
The Honorable John W. Holcomb
United States District Judge

Order Granting Authorization to Distribute – No. 2:19-cv-06942-JWH-SS