**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM LIKAS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CHINACACHE INTERNATIONAL HOLDINGS LTD., SONG WANG, GUANGSHENG MENG, FENGYE GAO, and JING AN, <br><br> Defendants. | No.: 2:19-cv-06942-JWH-SS <br><br> **CLASS ACTION** <br><br> Date: June 3, 2022 <br> Time: 9:00 a.m. <br> Courtroom: 2 <br> Judge: Hon. John W. Holcomb |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR AUTHORIZATION TO DISTRIBUTE NET SETTLEMENT FUND**

Lead Plaintiff The ChinaCache Investor Group (consisting of Plaintiffs Jingwen Zhang and Bingyang Cheng ("Plaintiff"), through its counsel, respectfully submits this memorandum of law in support of its motion for entry of the Proposed Order Granting Authorization to Distribute the Net Settlement Fund (the "Distribution Order") in the above-captioned action (the "Action").[1]  The proposed plan for distributing the Net Settlement Fund (the "Distribution Plan") is set forth in the accompanying Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (the "Bravata Declaration"), which is being submitted on behalf of the Court-approved Claims Administrator, Strategic Claims Services ("SCS" or "Claims Administrator").

If entered by the Court, the Distribution Order will, among other things, (1) approve SCS's recommendations accepting and rejecting Claims submitted in the Action; (2) direct the distribution of the Net Settlement Fund to Claimants whose Claims have been accepted as valid and approved by the Court; and (3) approve SCS's fees and expenses incurred and estimated to be incurred in connection with the distribution.

---

[1]     Unless otherwise indicated herein, all terms with initial capitalization shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 15, 2020 (ECF No. 75-1) (the "Stipulation").

Memorandum of Law in Support of Motion to Distribute – No. 2:19-cv-06942-JWH-SS

## I.   BACKGROUND

The Stipulation entered into by Plaintiff and Defendants sets forth the terms of the settlement (the "Settlement"), which represents a complete resolution of this Action.  Pursuant to the terms of the Settlement, a cash payment of $1,800,000 was deposited in escrow for the benefit of the Settlement Class.

In accordance with the Preliminary Approval Order, SCS mailed the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") and the Proof of Claim Form ("Claim Form") (collectively, the "Notice Packet") to potential Class Members and brokers and other nominees.  Declaration of Josephine Bravata Concerning (A) Mailing of the Notice and Claim; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections, dated July 22, 2021, ECF No. 89-1 at ¶¶2-9.

SCS also created and maintained a toll-free helpline for inquiries during the course of the administration; created and maintained a settlement website and posted case-specific documents on it; caused the Summary Notice to be published; provided, upon request, additional copies of the Notice Packet to brokers, nominees, and potential Class Members; and received and processed Proofs of Claim.  *See id.* at ¶¶ 10-14.  To date, SCS has mailed over 34,000 Notice Packets

2

to potential Settlement Class Members and nominees. Bravata Decl. at ¶ 3. The Notice informed Settlement Class Members that if they wished to be eligible to participate in the distribution of the Net Settlement Fund, they were required to submit a properly executed Claim Form such that it would be received or postmarked no later than September 21, 2021. ECF No. 89-1 at 9.

On March 14, 2022, following the dissemination of the Notice to potential Settlement Class Members and the publication of the Summary Notice as provided for in the Preliminary Approval Order, the Court entered the Final Judgment (ECF No. 95), granting final approval of the Settlement as fair, reasonable, and adequate. The Final Judgment also approved the Plan of Allocation, which was explained in the Notice sent to potential Settlement Class Members, as fair, reasonable, and adequate. ECF No. 95 at ¶ 12. Claim Forms have now been processed and the Net Settlement Fund is ready to be distributed to Authorized Claimants. Accordingly, Plaintiff respectfully asks the Court to enter the Distribution Order.

## II. CLAIMS ADMINISTRATION

As set forth in the accompanying Bravata Declaration, through April 6, 2022, SCS has received 885 Claim Forms, all of which have been fully processed in accordance with the Court-approved Plan of Allocation. Bravata Decl. at ¶6. SCS has identified 111 properly documented valid claims. *Id*. at ¶7(a). A total of 31 of the claims received were deficient or inadequately documented, and 757

claims were ineligible for one or more reasons. *Id*. at ¶ 7(b)-(c).  The Claims Administrator addressed all non-conforming claims through a comprehensive process.  *Id*. at ¶¶ 7(b)-(c). For deficient claims, SCS mailed or emailed inadequacy notices to each of these claimants, advising them of the nature of their inadequacy and providing them an opportunity to cure.  A total of 14 deficient claims have been successfully cured and the remaining 17 inadequate claimants either did not respond to the inadequacy notice or responded with inadequate documentation and were sent a rejection notice setting forth the reason for their inadequacy.  To date, none of the 17 inadequate claimants has objected to or contested this determination.  *Id*. at ¶ 7(b).

For ineligible claims, SCS communicated with these 757 claimants and advised them of the determination, providing ineligibility notice.  *Id*. at ¶ 7(c).  To date, none of these ineligible claimants have contested their determination.  *Id*. Plaintiff respectfully requests that the Court approve the Claims Administrator's administrative determination to reject these claims.

The claims administration process is now complete, and SCS has determined that out of the 885 Claim Forms Proofs of Claim submitted through April 6, 2022, 111 are acceptable in whole or in part (103 timely and valid Claims and 8 untimely but otherwise valid Claims), 14 have been successfully cured and therefore also considered valid, and 774 should be rejected.  *Id*. at ¶¶6-7.  Included in this final

Memorandum of Law in Support of Motion to Distribute – No. 2:19-cv-06942-JWH-SS

category are: (i) claims with no Recognized Losses; (ii) claims with American Depositary Receipts ("ADRs") of ChinaCache International Holdings Ltd. et al. ("ChinaCache") purchased outside of the Settlement Class Period; (iii) claims with shares sold short; (iv) ADRs of ChinaCache that were not purchased or otherwise acquired, but were received or granted by gift, inheritance, or operation of law; (v) claims filed for securities other than ChinaCache; (vi) duplicate claims; and (vii) claims which were withdrawn by the filing entity. *Id*. at ¶ 7(c).  Plaintiff respectfully requests that the Court approve the Claims Administrator's recommendation to accept the timely and valid claims set forth in Exhibit B-1 to the Bravata Declaration, accept the late but otherwise eligible Claims set forth in Exhibit B-2 to the Bravata Declaration, and reject those listed in Exhibits D and E.  Bravata Decl. at ¶ 7, Exhibits B-1, B-2, D, and E.

### III.   THE COURT SHOULD APPROVE ACCEPTANCE OF UNTIMELY BUT OTHERWISE ELIGIBLE CLAIMS

It is well settled that a district court has discretion to allow late claims to a settlement fund. *See Lemus v. H & R Block Enters., LLC*, No. C 09-03179 SI, 2013 WL 3831866, at *2 (N.D. Cal. July 23, 2013) (citing *In re Valdez*, 289 F. App'x 204, 206 (9th Cir. 2008)) ("A district court has discretion to allow late claims to a settlement fund."); *see* also *In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir. 1977).  Multiple circuits have held that the court maintains an inherent equitable power to "allow late-filed proofs of claim and late-cured proofs of claim." *In re*

*Cendant Corp. Prides Litig.*, 233 F.3d 188, 195 (3d Cir. 2000); *accord Burns v. Elrod*, 757 F.2d 151, 155 (7th Cir. 1985); *Zients v. LaMorte*, 459 F.2d 628, 630 (2d Cir. 1972); *cf. Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1993) (recognizing that "the district court has discretion to extend a class member's time to opt out" of a class settlement). *The Manual for Complex Litigation* also recommends that "[t]he court should allow adequate time for late claims before any refund or other disposition of settlement funds occurs." *Manual for Complex Litigation (Fourth)* § 21.662 (2004). Courts regularly permit late-filed claims for "excusable neglect" or "good cause." *See Silber*, 18 F.3d at 1455; *Gypsum*, 565 F.2d at 1128; *see also Valdez*, 289 F. App'x at 206 (noting that district court permitted late-filed claims by claimants with "plausible excuses for not filing timely"). The excusable neglect analysis involves equitable consideration, and the Court may consider factors including the danger of prejudice, the length of time delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, eight (8) of the Proofs of Claim were postmarked or received after the September 21, 2021 submission deadline, but were otherwise valid. Bravata Decl. at ¶ 7(a), n.2. The total Recognized Loss amount for these untimely filed, but

otherwise valid claims, is $68,130.29.  *Id.* at ¶ 7(a), n.3.  No Proof of Claim was rejected by SCS solely because it was received after the submission deadline and the Proofs of Claim have not caused significant delay in the processing or distribution of the Net Settlement Fund or otherwise prejudiced any Authorized Claimant or Defendant.  *Id.* at ¶ 7(a).  Indeed, when the equities are balanced, it would be unfair to prevent an otherwise valid Proof of Claim from recovering from the Net Settlement Fund solely because it was submitted after the cut-off date but while claims were still being processed.  *Id.*; *In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510 (CPS) (SMG), 2009 WL 803382, at *6 (E.D.N.Y. March 25, 2009) ("Because there is no showing of delay or prejudice, the late filed claims should be included in the class for settlement disbursement").  Therefore, Plaintiff respectfully requests that the Court approve the eight (8) untimely but otherwise valid claims listed in Exhibit B-2 of the Bravata Declaration.  Bravata Decl. at ¶ 7, Exhibit B-2.

To facilitate the efficient distribution of the Net Settlement Fund, however, there must be a final cut-off date for claims. *See In re TASER Int'l, Inc. Sec. Litig.*, No. CV-05-115-PHX-SRB, 2009 WL 10707825, at *2 (D. Ariz. July 15, 2009) ("[I]n the distribution of a large class action settlement fund, 'a cutoff date is essential and at some point the matter must be terminated.'" *Id.* at 1127 (quoting *Reports of the Conference for District Court Judges*, 63 F.R.D. 231, 262 (1973)). Accordingly, it is respectfully requested that the distribution order provide

Memorandum of Law in Support of Motion to Distribute – No. 2:19-cv-06942-JWH-SS

that no untimely claim received that is not already listed on Exhibit B-2 to the Bravata Declaration be accepted for any reason whatsoever. Bravata Decl. at ¶ 8, Exhibit B-2.

For the foregoing reasons, as well as those set forth in the Bravata Declaration, it is respectfully requested that the Court approve SCS's administrative determinations accepting and rejecting claims.

## IV. THE COURT SHOULD BAR CLAIMS AGAINST THE SETTLEMENT FUND AND THOSE ADMINISTERING THE SETTLEMENT

It is also respectfully requested that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxations of the Net Settlement Fund, including Plaintiff, Lead Counsel, Additional Counsel, Plaintiff's damages expert, and SCS (collectively, "Released Persons"), be released and discharged from any and all claims arising out of such involvement, and all Class Members be barred from making any further claim against the Net Settlement Fund or the Released Persons beyond the amount allocated to them. *See* Stipulation ¶ 28.

## V. DISTRIBUTION OF THE NET SETTLEMENT FUND

The Claims Administrator has now finished processing all claims. Plaintiff requests that the Court approve SCS's administrative recommendations to accept the 111 claims deemed acceptable (including the 8 late, but otherwise valid claims)

Memorandum of Law in Support of Motion to Distribute – No. 2:19-cv-06942-JWH-SS

listed in Exhibits B-1 and B-2 to the Bravata Declaration), and to reject the 774 claims that SCS has determined are inadequate or ineligible listed in Exhibits D and E to the Bravata Declaration.  Bravata Decl. at ¶ 7.

Upon the issuance of the Court's order authorizing distribution, SCS will distribute the entire available balance of the Net Settlement Fund to Authorized Claimants, after deducting the payments previously allowed and requested herein, and after the payment of any estimated taxes and the costs of preparing appropriate tax returns and any escrow fees.  *Id.* at ¶ 9.  Each Authorized Claimant's *pro rata* share of the Net Settlement Fund will be based on each Authorized Claimant's Recognized Claim as compared to the Total Recognized Claims of all Authorized Claimants.  *Id* at ¶ 9(a).  No distribution will be made on a claim where the potential distribution amount is less than $10.00 in cash.  *Id*.  The Net Settlement Fund will be allocated among the authorized claimants mentioned in the paragraph above whose prorated payment is $10.00 or greater and any prorated amounts of less than $10.00 will be included in the pool distributed to those whose prorated payments are $10.00 or greater.  *Id*.  To encourage Authorized Claimants to promptly cash their distributions and to avoid or reduce future expenses relating to unpaid distributions, Plaintiff proposes that all the distribution checks bear the notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE."  *Id*. ¶ 9(b).

Memorandum of Law in Support of Motion to Distribute – No. 2:19-cv-06942-JWH-SS

If there is any balance remaining in the Net Settlement Fund after eight (8) months from the initial distribution date (whether by reason of tax refunds, uncashed checks, or otherwise), Lead Counsel recommends that, if economically feasible, such remainder be allocated in a re-distribution, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who cashed their checks from the initial distribution, and who would receive at least $10.00 from such re-distribution. *Id*. at ¶ 9(c).

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the Distribution Order submitted herewith.

Dated: May 4, 2022

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Brenda Szydlo*
Jeremy A. Lieberman (admitted *pro hac vice*)
Brenda Szydlo (admitted *pro hac vice*)
Villi Shteyn (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com

Memorandum of Law in Support of Motion to Distribute – No. 2:19-cv-06942-JWH-SS

Email: bszydlo@pomlaw.com
Email: vshteyn@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Counsel for Lead Plaintiff and the Proposed Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**THE ROSEN LAW FIRM, P.A.**
Jing Chen
275 Madison Avenue, 40th Fl.
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jchen@rosenlegal.com

*Additional Counsel for Lead Plaintiff*

Memorandum of Law in Support of Motion to Distribute – No. 2:19-cv-06942-JWH-SS

## CERTIFICATE OF SERVICE

I hereby certify that on 4th day of May, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/Brenda Szydlo*
Brenda Szydlo